## No. 1157.

### HEIRS OF ORY MURPHY vs. JUREY & GILLIS—J. P. MURPHY, WARRANTOR.

Property acquired during a marriage in the name of the husband is presumed to belong to the community. Nor will such presumption be rebutted by proof that he acquired the property with the money of his children by a former marriage; nor will such fact affect the title of the community to the property, though it may create a debt against it.

The heirs of the wife become vested with a title to her share of the community property at the moment of her death: and though they receive it subject to the payment of the community debts, they are not bound to await a liquidation of the community before resorting to an action to recover it. Tugwell vs. Tugwell, 32 Ann. 848, and Glasscock vs. Clark, 33 Ann. 584, reaffirmed. Nor in such action, petitory in its character, is the indebtedness of the community or its financial condition dissolved, when a legitimate subject of enquiry.

APPEAL from the Third District Court, Parish of Lincoln. *Feazel*, Special J.

*Barksdale & VanHook* for Plaintiffs and Appellees.

*G. L. Gaskins* for Defendants and Appellants.

The opinion of the Court was delivered by

TODD, J. The plaintiffs, as the collateral heirs of Ory Murphy, deceased, sue to recover nine-tenths of the undivided half of the lands described in the petition, the said undivided half being the community interest of the deceased therein and inherited at her death by petitioners.

The defendants answered by a general denial and a call in warranty on their vendor, J. P. Murphy. Murphy, besides the general issue in his answer, denied that Ory Murphy, from whom the plaintiffs claim, had at her death, a community interest in said lands, and averred that though the lands were acquired during the marriage of the deceased

with J. J. Murphy, they were acquired by the husband with his separate money, and money belonging to the children of his first wife, and never fell into the community existing between him and Ory Murphy, and further that the estate of J. J. Murphy was, at his death, insufficient to repay the children of his first marriage the funds of theirs used by him in the acquisition of these lands.

The prescription of ten and thirty years is also pleaded by the warrantor and a demand in case of recovery by the plaintiffs for reimbursement for taxes paid and improvements made on the lands.

There was judgment in favor of the plaintiffs decreeing them the owners of the interest in the lands claimed by them, save as to certain designated portions thereof, with a reservation to the parties of the right to adjust their claims for taxes, improvements, etc., in the partition of the lands.

There was judgment also in favor of the defendants and against the warrantor. From this judgment the present appeal was taken by the defendants and warrantor.

The facts of the case established are briefly these :

John J. Murphy was twice married in the State of Georgia. First, o Elizabeth Havell, who died in 1843, leaving several children, of whom the warrantor is one. Second, to Ory Glaze in 1844, and who died in 1860 without issue.

In 1848 Murphy and his wife moved to this State, accompanied by the children of his first marriage, and after his arrival in this State, he acquired by purchase the lands in controversy.

After the death of his wife, Ory Glaze or Murphy, J. J. Murphy, the surviving husband, remained in possession of the lands until his death in 1866. There was no administration on the succession of the wife, and no settlement of the community.

After the death of Murphy there was a partition of his estate, in which partition J. P. Murphy, the warrantor in this case, received the lands in controversy.

It is shown that these lands were all acquired during the existence of the community between J. J. Murphy and his wife, Ory Murphy, and are therefore presumed to be community property.  C. C. 2405.

Upon the dissolution of the community by the death of the wife, the title to her share of the community property, the one undivided half of the same rested in her heirs.  C. C. 2406; Tugwell vs. Tugwell, 32 Ann. 848.

And though the heirs of the wife received the property subject to the community debts, it is now settled that their action for it may be

maintained without allegation or proof of the liquidation or solvency of the community. Ib. and Glasscock vs. Clark, 33 Ann. 584. And it is enough to say in this case, as in the cases above cited, that the creditors of the community, if there are any, are not before us seeking to enforce their claims against the community. Nor would any such inquiry be permissible in an action of this kind, which is petitory in its character, and the right of the plaintiffs acquired at the instant of the death of the person from whom they inherited. The community creditors, if there were any, might have subjected this property by proper proceedings to the payment of their debts and thus divested the plaintiffs of their title to the property, but it has not been done and cannot be done in this form of action, nor by the parties to the present controversy. All evidence respecting claims against the community and its condition at the moment of its dissolution should therefore have been rejected.

There is a plea of prescription of ten and thirty years urged against the plaintiffs' right of action, which was overruled by the lower court and properly so.

Ten years had not expired between the date of the conveyance of the property from J. P. Murphy to the defendants. J. P. Murphy claimed the property by inheritance from his father, J. J. Murphy, and as the father had not a vestige of title to the property, he transmitted none to his heirs. They took it *cum vitiis*. There was no basis for the prescription urged in favor of J. P. Murphy.

There is an amendment of the judgment of the lower court prayed for as to that part of it which rejects plaintiffs' claims to certain designated portions of the land.

The amendment must be allowed.

The defendants in their answer admit the possession of all the land claimed and described in the petition.

J. J. Murphy was in possession of it at the dissolution of the community. It was a matter of no moment whether a part of this land was acquired by a military warrant or by money, so that it was acquired during the marriage. This and other portions excepted or declared free from plaintiffs' claims, purports to have been acquired by J. P. Murphy by inheritance from J. J. Murphy and partition. They, defendants, claim solely through their purchase from J. P. Murphy. J. J. Murphy was the author of both warrantors and defendants' title, and nothing is better settled than that parties cannot dispute their author's title.

It is therefore ordered, adjudged and decreed that the judgment of

the lower court be amended by decreeing the plaintiffs owners of the nine-tenths of the undivided half of the east half of the northeast quarter, section 34, and the east half of the northwest quarter of section 25, T. 18, N. R. 4 west; and by declaring open to adjustment in the partition of the lands all claims between the parties mentioned and referred to in the pleadings, subject to all defenses of the respective parties, and as thus amended the judgment is affirmed. Defendants to pay costs of both courts.

Mr. Justice Fenner dissents.