Santini et al., Plaintiffs and Appellants, *v.* Díaz San Miguel et al., Defendants and Appellees.

Appeal from the District Court of Guayama in an Action for Annulment of Contract.

No. 1942.—Decided July 31, 1919.

Inheritance — Heir — Community Property — Liquidation of Conjugal Partnership.—The heirs of either of the spouses become vested with title to their shares in the community property from the moment of the death of the spouse, and although they receive their shares subject to the payment of the community debts, they need not wait until the conjugal partnership is liquidated before bringing an action to recover such shares.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellants.

*Messrs. José Tous Soto, V. F. Rodríguez Ortiz* and *Manuel A. Martínez Dávila* for the appellees.

Mr. Justice del Toro delivered the opinion of the court.

The plaintiffs filed a complaint alleging, among other things, that on May 30, 1889, Josefa Padró sold to Ramón Santini a certain described rural property of 178 acres. At the time of the purchase Santini was married to Joaquina Rodríguez. The plaintiffs are the children of Santini and of his wife Joaquina. The wife died and Santini married again in 1890. In 1893 Santini sold the whole property in question to defendant Ramón Díaz San Miguel. The latter segregated from it a parcel of 25 acres and sold it to defendant Rocco. Defendant Rocco, in turn, sold it to defendants Giorgetti and Fernández Vanga, who sold it to defendant Juana Torres López.

Among other things the plaintiffs pray that they be acknowledged as owners in common of an undivided one-half of the property in question, because they acquired that right by maternal inheritance.

Defendant Rocco demurred to the complaint. Defendant Díaz did likewise. Rocco's demurrer was sustained and that of Díaz was overruled. Díaz then answered, as did also defendants Giorgetti, Fernández Vanga and Juana Torres López.

At this stage, and when the case was called for trial, the attorney for Díaz moved for judgment on the pleadings. The motion was argued and the court entered judgment against the plaintiffs, who thereupon took the present appeal.

We transcribe the following paragraph from the decision of the district court, which condenses the real ground on which the court relied for rendering its judgment.

"The issue being thus established, the court understands that the plaintiffs acquired their right by inheritance, that is, being the successors in interest of their mother, they can assert no right which their mother could not have exercised in the same circumstances, consequently they can not demand the acknowledgment of a joint interest in this property without first showing the dissolution of the conjugal partnership and what that interest was in the said partnership. The plaintiffs do not allege in their complaint that the conjugal partnership was liquidated."

The trial court cites in support of its opinion the jurisprudence of this court in the cases of *Succession of Morales* v. *Kieckoefer et al.*, 17 P. R. R. 889, and *Ortiz et al.* v. *Passalacqua et al.*, 26 P. R. R. 578.

The jurisprudence of this court cited was based on that of the Supreme Court of Spain and was laid down in *Succession of Morales, supra,* in the following terms:

"The title of heir of one of the spouses in a conjugal partnership is not sufficient to recover the ownership of one half of the property which forms part of the estate of the conjugal partnership where a liquidation of the conjugal partnership has not been made, because

until such liquidation has been made a surplus of one-half belonging to each of the spouses cannot be declared to exist.''

That doctrine was not only invoked and applied in the case of *Ortiz et al.* v. *Passalacqua et al.*, 26 P. R. R. 578, but also in that of *Neumann* v. *Trujillo et al.*, 24 P. R. R. 284, and perhaps in some other case.

Now, although the authority of the said cases was not questioned, nor the specific question of the previous liquidation of the conjugal partnership examined, a casual review of the recent decision of this court in the case of *Capó* v. *Fernández, ante,* p. 656, will lead to the conclusion that the *Succession of Morales Case,* the *Neumann Case* and the *Ortiz Case* were affected by the *Capó Case* in which this court impliedly held that not only was a previous liquidation of the estate not necessary in order to recover the hereditary right, but neither was a previous liquidation of the conjugal partnership. And now, not impliedly but expressly, we ratify that opinion and  in support of it cite a decision of the Supreme Court of Louisiana which particularly settles the question here involved. It is well to remember that in Louisiana the Code of Napoleon is in force, revised, of course, and amended in some particulars, and that sections 664 *a,* 664 *b,* 664 *c* and 664 *d* which were introduced into our Civil Code when it was revised in 1902, are similar to sections 871, 872, 873 and 874 of the Louisiana Civil Code, which were incorporated into it by the commission appointed under the Act of 1822 for its revision. The said sections refer to successions. (See the Revised Civil Code of Louisiana, edited by E. D. Saunders, of the New Orleans Bar). And it should be observed also that in Louisiana, as in Porto Rico, the legal conjugal partnership of married persons is in force and has been in force for more than a century.

The case to which we refer is that of *Heirs of Murphy* v. *Jurey and Gillis,—J. P. Murphy, warrantor,* 39 La. Ann. 785. The jurisprudence, according to the syllabus, was laid down as follows:

"The heirs of the wife become vested with a title to her share of the community property at the moment of her death; and though they receive it subject to the payment of the community debts, they are not bound to await a liquidation of the community before resorting to an action to recover it."

The decision reaffirms the same doctrine already established in *Tugwell* v. *Tugwell*, 32 Ann. 848, and *Glasscock* v. *Clark*, 33 Ann. 584, and the decision was cited in *Succession of Dumestre*, 42 La. Ann. 412; *Newman* v. *Cooper*, 46 La. Ann. 1494; *Ogden* v. *Leland University*, 49 La. Ann. 195; *George* v. *Delaney*, 111 La. 766; *Levy* v. *Robson*, 112 La. 399, and *Bossier* v. *Herwing*, 112 La. 549.

In its opinion the court expressed itself as follows:

"John J. Murphy was twice married in the State of Georgia. First, to Elizabeth Havell, who died in 1843, leaving several children, of whom the warrantor is one. Second, to Ory Glaze in 1844, and who died in 1860 without issue.

"In 1848, Murphy and his wife moved to this State, accompanied by the children of his first marriage, and after his arrival in this State, he acquired by purchase the lands in controversy.

"After the death of his wife, Ory Glaze or Murphy, J. J. Murphy, the surviving husband, remained in possession of the lands until his death in 1866. There was no administration on the succession of the wife, and no settlement of the community.

"After the death of Murphy there was a partition of his estate, in which partition J. P. Murphy, the warrantor in this case, received the lands in controversy.

"It is shown that these lands were all acquired during the existence of the community between J. J. Murphy and his wife, Ory Murphy, and are therefore presumed to be community property. C. C. 2405.

"Upon the dissolution of the community by the death of the wife, the title to her share of the community property, the one undivided half of the same, vested in her heirs. C. C. 2406; *Tugwell* v. *Tugwell*, 32 Ann. 848.

"And though the heirs of the wife received the property subject to the community debts, it is not settled that their action for it may be maintained without allegation or proof of the liquidation or solvency of the community. Ib. and *Glasscock* v. *Clark*, 33 Ann. 584.

And it is enough to say in this case, as in the cases above cited, that the creditors of the community, if there are any, are not before us seeking to enforce their claims against the community. Nor would any such inquiry be permissible in an action of this kind, which is petitory in its character, and the right of the plaintiffs acquired at the instant of the death of the person from whom they inherited. The community creditors, if there were any, might have subjected this property by proper proceedings to the payment of their debts and thus divested the plaintiffs of their title to the property, but it has not been done and cannot be done in this form of action, nor by the parties to the present controversy. All evidence respecting claims against the community and its condition at the moment of its dissolution should therefore have been rejected." 39 La. Ann. 785.

By virtue of all of the foregoing we are of the opinion that the judgment appealed from should be reversed, remanding the case to the court of its origin for further proceedings not inconsistent with this opinion and with the opinion delivered in *Capó* v. *Fernández, supra.*

*Reversed and remanded.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.