SANTINI ET AL., DEMANDANTES Y APELANTES, *v.* DÍAZ SAN MIGUEL ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre declaración de nulidad de contrato.

No. 1942.—Resuelto en julio 31, 1919.

HERENCIA—HEREDERO—BIENES HEREDITARIOS—BIENES GANANCIALES—RECLAMACIÓN DEL DERECHO HEREDITARIO — LIQUIDACIÓN PREVIA DE LA SOCIEDAD DE GANANCIALES — JURISPRUDENCIA ANTERIOR SOBRE LA MATERIA — SU LIMITACIÓN.—Los herederos de cualquiera de los cónyuges quedan investidos con el título a su parte en los bienes de la comunidad en el momento mismo de la muerte del cónyuge, y aunque reciben esa parte sujeta al pago de las deudas de la comunidad, no están obligados a aguardar a la liquidación de ésta, para establecer una acción para recobrarla.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. Domínguez Rubio.*

Abogados de los apelados: *Sres. José Tous Soto, V. F. Rodríguez Ortiz y Manuel A. Martínez Dávila.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

Los demandantes archivaron una demanda alegando entre otros hechos que en 30 de mayo de 1889 doña Josefa Padró vendió a don Ramón Santini cierta finca rústica de 178 cuerdas que se describe. En el acto de la compra Santini estaba casado con doña Joaquina Rodríguez. Los demandantes son hijos de Santini y de su esposa doña Joaquina. Esta murió, y Santini contrajo nuevo matrimonio en 1890. En 1893 Santini vendió la totalidad de la finca de que se trata al demandado Ramón Díaz San Miguel. Este segregó una porción de 25 cuerdas de ella y la vendió al demandado Rocco. El demandado Rocco a su vez la vendió a los demandados Giorgetti y Fernández Vangas, quienes la vendieron a la demandada Juana Torres López.

Entre otras cosas los demandantes reclaman que se les reconozca como dueños en común proindiviso de la mitad de la finca en cuestión, por haber adquirido tal derecho por herencia materna.

El demandado Rocco excepcionó la demanda. También lo hizo el demandado Díaz. La excepción de Rocco fué declarada con lugar y sin lugar la de Díaz. Díaz entonces contestó y archivaron de igual modo su contestación los demandados Giorgetti, Fernández Vanga y Juana Torres López.

Así las cosas, el demandado Díaz por medio de su abogado al llamarse el pleito para juicio presentó una moción en solicitud de una sentencia sobre las alegaciones. El asunto fué discutido y la corte dictó la sentencia resolviendo el pleito en contra de los demandantes y éstos entonces interpusieron el presente recurso de apelación.

De la resolución de la corte de distrito transcribimos el siguiente párrafo que condensa el verdadero fundamento que tuvo dicho tribunal para dictar su sentencia.

"Planteada la cuestión en esta forma, y estudiando este punto, entiende la corte que los demandantes adquirieron su derecho por herencia, o sea siendo ellos unos causahabientes de su madre no pueden ejercitar ningún derecho que no pudiere ejercitar la madre en su mismo caso, o sea no pueden pedir el reconocimiento de un condominio en esta finca sin antes determinar la disolución de la sociedad de gananciales y cuál era esta participación en dicha sociedad. Los demandantes en su demanda no alegan la liquidación de la sociedad de gananciales."

La corte sentenciadora cita como fundamento de su criterio la jurisprudencia establecida por esta Corte Suprema en los casos de *Sucesión Morales v. Kieckoefer et al.,* 17 D. P. R. 926, y *Ortiz et al. v. Pasalacqua et al.,* 26 D. P. R. 639.

La jurisprudencia de esta Corte Suprema que se cita se basó en la sentada por el Tribunal Supremo de España y quedó formulada en el caso de Sucesión Morales, *supra,* en los siguientes términos:

"El título de heredero de uno de los cónyuges componentes de la sociedad conyugal no es suficiente para reivindicar la mitad de una finca que forma parte de los bienes de la sociedad de gananciales, cuando no se ha practicado la liquidación de dicha sociedad

conyugal, pues hasta que tal liquidación se haga, no puede afirmarse la existencia de un sobrante que corresponde por mitad a los cónyuges.''

No sólo se invocó y aplicó la anterior doctrina en el caso de *Ortiz et al.* v. *Pasalacqua et al.,* 26 D. P. R. 638 ya citado sí que también en el de *Neuman* v. *Trujillo et al.,* 24 D. P. R. 304, 308, y tal vez en algún otro.

Ahora bien, aunque la autoridad de dichos casos no fué discutida, ni la cuestión específica de la previa liquidación de la sociedad de gananciales examinada, basta un ligero estudio de la reciente decisión de esta Corte Suprema en el caso de *Capó* v. *Fernández,* para concluir que los casos de Sucesión Morales, de Neuman y de Ortiz, quedaron afectados por el de Capó. Implícitamente resolvió esta corte en *Capó* v. *Fernández,* en julio 22, 1919, (p. 715), que no sólo no era necesaria la previa liquidación de la herencia para reclamar el derecho hereditario, sí que tampoco la previa liquidación de la sociedad de gananciales. Y en esta ocasión no sólo implícita sino expresamente ratificamos tal criterio, y en apoyo del mismo citaremos una decisión de la Corte Suprema de Louisiana que resuelve concretamente el punto envuelto en este pleito. Es conveniente recordar que en Louisiana rige el Código de Napoleón, revisado desde luego, y enmendado en algunos particulares, y que las secciones 664 *a,* 664 *b,* 664 *c,* y 664 *d* que se introdujeron en nuestro Código Civil al aprobarse revisado en 1902, son iguales a las 871, 872, 873 y 874 del Código Civil de Louisiana que fueron introducidas en él por la comisión creada por la ley de 1822 para revisarlo. Dichos preceptos de ley se refieren a las sucesiones. (Véase el ''Revised Civil Code of Louisiana, edited by E. D. Saunders, of the New Orleans Bar''). Y es conveniente recordar también que en Louisiana como en Puerto Rico rige y ha regido siempre desde hace más de un siglo la sociedad legal de gananciales para las personas que contraen matrimonio.

El caso a que nos referimos es 'el de *Heirs of Murphy* v. *Jurey and Gillis*, J. P. Murphy, citado de evicción (*warrantor*). 39 La. Ann. 785. La jurisprudencia, según el resumen, se estableció así:

"Los herederos de la esposa quedan investidos con el título a su parte en los bienes de la comunidad en el momento mismo de su muerte; y aunque reciben esa parte sujeta al pago de las deudas de la comunidad, no están obligados a aguardar a la liquidación de la comunidad para establecer una acción para recobrarla."

En la decisión se reafirma igual doctrina ya establecida en los casos de *Tugwell* v. *Tugwell*, 32 Ann. 848, y *Glasscock* v. *Clark*, 33 Ann. 584, y la decisión se cita en las de *Succession of Dumestre*, 42 La. Ann. 412; *Newman* v. *Cooper*, 46 La. Ann. 1494; *Ogden* v. *Leland University*, 49 La. Ann. 195; *George* v. *Delaney*, 111 La. Ann. 766; *Levy* v. *Robson*, 112 La. 399, y *Bossier* v. *Herwing*, 112 La. 549.

En su opinión la corte se expresó así:

"John J. Murphy se casó dos veces en el Estado de Georgia. Primero, con Elizabeth Hawell, que murió en 1843, dejando varios hijos, de los cuales el citado de evicción es uno. Segundo, con Ory Glaze en 1844, quien murió en 1860 sin dejar hijos.

"En 1848 Murphy y su esposa se trasladaron a este Estado, acompañados por los hijos de su primer matrimonio, y después de su llegada a este Estado, adquirió por compra las tierras en controversia.

"Después de la muerte de su esposa Ory Glaze o Murphy, J. J. Murphy, el marido sobreviviente, continuó en posesión de las tierras hasta su muerte en 1866. No hubo administración de la sucesión de su esposa, ni liquidación de la comunidad.

"Después de la muerte de Murphy hubo una partición de la herencia, en la cual J. P. Murphy, citado de evicción en este caso, recibió las tierras en controversia.

"Se ha demostrado que esas tierras fueron todas adquiridas durante la existencia de la sociedad de gananciales de J. J. Murphy y su esposa, Ory Murphy, y que, por tanto, se presumen bienes gananciales. C. C. 2405.

"Al disolverse la sociedad por muerte de la esposa, el título sobre participación en los bienes gananciales, o sea una mitad indivisa de los mismos pasó a sus herederos. C. C. 2406; *Tugwell* v. *Tugwell,* 32 Ann. 848.

"Y aunque los herederos de la esposa recibieron la propiedad sujeta a las deudas de la comunidad, se establece ahora que su acción respecto de ella puede sostenerse sin que se alegue ni pruebe la liquidación o solvencia de la comunidad. *Ib.* y *Glasscock* v. *Clark,* 33 Ann. 584. Y será suficiente decir en este caso, como en los que arriba citamos, que los acreedores de la sociedad de gananciales, si los hay, no están ante nosotros gestionando sus reclamaciones contra la comunidad. Ni podría permitirse tal gestión dentro de una acción de esta naturaleza, que es petitoria por su carácter, y el derecho de los demandantes empezó en el instante en que falleció la persona de quien heredaron. Los acreedores de la comunidad, si los había, pudieron haber sujetado esta propiedad por medio de procedimiento adecuado al pago de sus deudas y de ese modo haber quitado a los demandantes el título de la propiedad. pero tal no se ha hecho y no puede hacerse en esta clase de acción, ni por las partes de este litigio. Toda prueba relativa a reclamaciones contra la comunidad y su estado en el momento de su disolución debió por tanto haber sido rechazada." 39 La. Ann. 785.

Por virtud de todo lo expuesto opinamos que debe revocarse la sentencia recurrida devolviéndose el caso a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión y con la emitida en el caso de *Capó* v. *Fernández,* decidido el 22 de julio actual, (pág. 715).

> *Revocada la sentencia recurrida, y devuelto el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la opinión y con la emitida en caso de Capó v. Fernández, decidido en julio 22, 1919.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.