RUIZ ET AL., DEMANDANTES Y APELANTES, *v.* G. LLINÁS & CÍA., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre reivindicación.

No. 2471.—Resuelto en julio 18, 1922.

REIVINDICACIÓN—ALEGACIÓN NECESARIA—DEMANDA INSUFICIENTE.—Es insuficiente una demanda en la que alegándose la nulidad de una venta judicial como fundamento de reivindicación, y apareciendo de la misma que la venta sólo era nula en cuanto a algunos de los copartícipes demandantes, no se expresan las distintas participaciones de cada uno de ellos para poder decretar la devolución de sus participaciones o la restitución de su valor a los condueños con derecho a ello.

ID.—TERCERO—PARTE NECESARIA.—Cuando la propiedad que se trata de reivindicar ha pasado a poder de tercera persona, ésta debe ser hecha parte en el pleito, y debe alegar la demanda si puede o no recobrarse la finca de dicho tercero para que en caso negativo surja la obligación subsidiaria de restituir su valor en la persona obligada a la devolución.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Tous Soto.*

Abogados de la apelada: *Sres. López de Tord, Zayas y Pizarro.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Juana Ruíz, por sí y en nombre de sus hijos todos menores de edad, demandó a la sociedad G. Llinás & Cía. la que opuso la excepción previa de que la demanda no aduce hechos suficientes determinantes de causa de acción y sostenida por la corte, con permiso para enmendar la demanda, los demandantes renunciaron ese permiso y pidieron que fuera dictada sentencia, lo que hizo la corte declarando sin lugar la demanda por falta de causa de acción y contra ella interpusieron los demandantes este recurso de apelación.

La demanda, cuyo título dice ser reivindicación, contiene las siguientes alegaciones:

"*Como una primera causa de acción:*—1. Que los demandantes arriba designados Agostini y Ruíz son menores de edad, no emancipados, excepto María Trinidad, que es menor de edad emancipado por el matrimonio y comparece asistido de su referida madre Juana Ruíz, quien tiene la patria potestad sobre los demás demandantes de apellido Agostini, que son hijos legítimos de dicha Juana Ruíz y de su consorte fallecido, Gerónimo Agostini.—La demandante Juana Ruíz viuda de Agostini es mayor de edad.—2. Que la demandada es una sociedad mercantil con domicilio en Yauco, P. R., constituída bajo el Código de Comercio de Puerto Rico.—3. Que G. Llinás y Compañía interpuso demanda en 12 de julio contra los demandantes en esta acción en cobro de la suma de $1,229.94 de capital, intereses legales, costas, desembolsos y honorarios.—4. Que Jacinto Román entregó a Juana Ruíz, viuda de Agostini en Yauco en 23 de julio de 1917 copia de la demanda y del emplazamiento, pero ni él ni ninguna otra persona, emplazaron en persona ni de modo alguno a los otros demandados en dicha acción, menores de edad, nombrados Pedro, Aquilino, María Trinidad, Ramona, Gerónimo, Angela, María Magdalena, María Elena y Juana Josefa Agostini.—5. Que a instancia de la sociedad demandante se anotó la rebeldía de Juana Ruíz, viuda de Agostini, Pedro Aquiles, María Trinidad, Ramona, Gerónimo, Angel, María Magdalena, María Elena y Juana Josefa Agostini y Ruíz en 30 de agosto de 1917 y en 6 de septiembre se registró

por el secretario sentencia contra Juana Ruíz viuda Agostini, Pedro, Aquilino, conocido por Aquiles, María Trinidad, Ramona, Gerónimo, Angela, María Magdalena, María Elena y Juana Josefa Agostini y Ruíz, y en 29 de octubre de 1917, se expidió orden de ejecución contra Juana Ruíz viuda de Agostini por sí y como madre con patria potestad sobre sus hijos menores Pedro Agostini y Ruíz y otros, por $1,224.94 y sin previo embargo, en cumplimiento de dicha orden de ejecución, en 23 de noviembre el marshal de esta corte vendió a G. Llinás y Compañía por la suma de $600 no pagados en efectivo, sino con abono al crédito reclamado, el inmueble que se pasa a describir, propiedad de los demandantes en esta acción, que tienen un valor de $10,000.—Rústica: Compuesta de 170 cuerdas, equivalentes a 66 hectáreas, 81 áreas y 66 centiáreas, dedicadas a café y malezas, sita en el barrio de Rubias, término municipal de Yauco, en lindes por el norte, con terrenos de don Tomás Garrosi y don José Agostini López; al este, con otros de la sucesión de don Antonio Giovanetti y de Natalio Pietri & Co.; al sur con los de Natalio Pietri & Co., y la Sucesión de Castañer; y al poniente, con los de Sucesión de Castañer y de Tomás Garrosi.—Contiene esta finca una casa de madera y zinc destinada a vivienda, otra destinada a máquina de descascarar café y cinco casillas para peones.

"*Como una segunda causa de acción.*—6. Que al ser emplazada la viuda de Agostini, Juana Ruíz de la demanda referida en la primera causa de acción, se personó en la mercantil G. Llinás & Co., de Yauco, y allí le manifestó el socio don Antonio Oliver, que la demanda era una fórmula para asegurar la demandante su cuenta, que no tenía necesidad de defenderse en el litigio, que el propósito de la demandante era subastar la finca, usufructuarla durante cuatro años para cobrar su crédito con el producto de las cosechas y devolverla después a los demandados, viuda y herederos de Gerónimo Agostini, demandantes en esta acción.—7. Que la viuda de Agostini, Juana Ruíz, aceptó este arreglo y confiada en él no compareció en el pleito en cobro de dinero referido en la primera causa de acción y consintió en que se dictara sentencia en rebeldía en dicho pleito y se subastara la finca.—8. Que en prosecución del referido arreglo y por orden escrita de la demandada G. Llinás y Compañía, la viuda de Agostini hizo entrega a Francisco Román, en 18 de septiembre de 1917 de la finca descrita en la primera causa de acción, cuando aún no se había subastado y desde entonces está en posesión de la misma, la mercantil G. Llinás y Compañía y percibiendo los frutos y rentas de la misma.—9. Que posteriormente, y cuando ya hacía

dos años más o menos, que dicha mercantil se hallaba usufructuando la referida finca, don Jaime Castañer, socio de la mercantil G. Llinás y Compañía se personó en la casa de la viuda de Agostini, Juana Ruíz, manifestándole que los productos de la finca no habían dado para cubrir el crédito de dicha mercantil, proponiéndole vender la finca, abonar del precio, la suma necesaria para el saldo de dicho crédito y con el remanente comprar una finca para la sucesión de Gerónimo Agostini de la cual se le otorgaría escritura y daría posesión.—10. Que la viuda de Agostini, Juana Ruíz aceptó esta nueva proposición, en la inteligencia que la finca se vendería por $10,000 por lo menos, que era y es el justo y verdadero precio de la misma.— 11. Que la mercantil G. Llinás & Co. vendió la referida finca a Antón Julio Mattei, sin conocimiento ni consentimiento de los demandantes, por precio de $6,500, según nuestra mejor información y creencia, y dió posesión de la misma al comprador, entregando a Juana Ruíz otra finca de la cual no se le ha otorgado escritura, que G. Llinás y Compañía valoran en $4,000, pero que solamente vale dos mil dollars.—12. Que G. Llinás y Compañía no ha rendido a Juana Ruíz viuda de Agostini ni a ninguno de los herederos de ésta, cuenta de los productos y rentas de la finca propiedad de la sucesión de Gerónimo Agostini de que tomaron posesión para aplicar sus productos al pago del crédito de $1,200, ni tampoco del precio de venta de dicha finca.—En mérito de lo expuesto suplicamos a la Honorable Corte: 1. Que declare nula la sentencia en rebeldía dictada en este caso y la subasta de la finca descrita en esta demanda, como consecuencia de dicha sentencia.—2. Que condene a los demandados a reintegrar a los demandantes dicha finca, o en su defecto su valor de $10,000.—3. Que condene a dichos demandados a reintegrar a los demandantes los frutos y productos de dicha finca desde 18 de septiembre de 1917, producidos y podidos producir, rindiendo cuenta exacta, detallada y justificada de la misma.—4. Que condene a la demandada en costas, desembolsos y honorarios.''

El único error alegado por los apelantes es el de haber sido declarada con lugar la excepción previa de que la demanda no aduce hechos determinantes de causa de acción y haber dictado sentencia contra los demandantes.

La demanda por su título, por sus alegaciones y por sus peticiones es claramente una acción reivindicatoria porque fundados los demandantes en que en el pleito de G. Llinás

& Cía. que originó la venta judicial de la finca no fueron citados los hijos menores de edad de Juana Ruíz, se solicita que la finca sea devuelta o que se indemnice su valor.

Según el artículo 93 del Código de Enjuiciamiento Civil los demandados deberán ser citados personalmente y cuando fueren menores de catorce años y residieren en la Isla deberán ser citados además su padre, madre o tutor, y según el artículo 94 los demandados serán citados por edictos cuando residieren fuera de la isla o se ocultaren; y como en la demanda se alega que dichos menores no fueron citados de modo alguno, lo que quiere decir que no se les citó personalmente ni por publicación de edictos, aparece de ella que la corte que conoció del pleito de G. Llinás & Cía no adquirió jurisdicción sobre dichos menores, pero sí la adquirió sobre la persona de la madre, Juana Ruíz, por haber sido citada personalmente; y por tanto que aquel pleito es nulo y también la venta de la finca en cuanto a dichos menores solamente.

Pero en la demanda no se alegan todos los hechos necesarios para que pueda hacerse efectivo el derecho de los demandantes menores de edad, pues como se alega solamente que la finca es propiedad de los demandantes, o sea de la madre y de los hijos menores de edad, y como no se alega vicio alguno de nulidad en cuanto a la madre Juana Ruíz, aunque es nulo en cuanto a sus hijos, y como éstos no son los únicos dueños de la finca, por lo que no puede serles devuelta totalmente, debieron ser alegadas las participaciones que a los menores corresponden en la finca para que pueda dictarse sentencia declarando la devolución y entrega a los menores de las participaciones que tengan en ella. En este extremo es insuficiente la demanda.

También es insuficiente porque apareciendo de ella que la finca ha sido vendida por G. Llinás & Cía. a Antón Julio Mattei, este no ha sido hecho parte en el pleito para que devuelva las participaciones de los menores, ni se hacen ale-

gaciones que demuestren que es un tercero de quien no puede recobrarse la finca a fin de que surja en los demandados la obligación subsidiaria que impone el artículo 1274 del Código Civil al obligado por la declaración de nulidad a la devolución de una cosa cuando no pueda devolverla por haberse perdido, de restituir el valor que tenía la cosa con los frutos percibidos y los intereses.

En cuanto a la segunda causa de acción se alega en ella que Juana Ruíz no se personó en el pleito por la promesa que le hizo uno de los socios de G. Llinás & Cía. de que no se quedarían con la finca sino que la administrarían para cobrarse su crédito y la devolverían después a los demandantes, y que algunos años después por manifestaciones de otro de los socios de que la finca no producía aceptó que fuera por ellos vendida para cobrarse su crédito y devolver el resto, y que en efecto le entregaron una finca con un valor de $4,000 cuando sólo vale $2,000 y que la finca de los demandantes la vendieron en $6,500 cuando ella estaba en inteligencia de que se vendería por $10,000 que era su justo valor, pero de tales alegaciones no surje para Juana Ruíz una causa de acción reivindicatoria.

La sentencia apelada debe ser confirmada en cuanto a la demandante Juana Ruíz y revocada en cuanto a los otros demandantes menores de edad a quienes debe concederse término para que enmienden la demanda.

> *Confirmada en parte y revocada la sentencia apelada en cuanto se refiere a los menores demandantes.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.