GONZÁLEZ ET AL., DEMANDANTES Y APELANTES, *v.* DÍAZ ET AL., DEMANDADOS Y APELADOS.

No. 3031.—*Visto:* Noviembre 15, 1923. *Resuelto:* Mayo 23, 1924.

REIVINDICACIÓN DE CONDOMINIOS—DERECHO HEREDITARIO—CAUSA DE ACCIÓN—DEMANDA SUFICIENTE.—Contiene hechos suficientes constitutivos de la acción reivindicatoria de condominios hereditarios indivisos, una demanda en la que los demandantes alegan ser dueños por título de herencia de una dozava parte cada uno de una finca de 170 cuerdas dejada por su causante; que nunca han vendido, cedido ni renunciado su derecho en esa finca; que esa finca fué adjudicada a su madre para el pago de deudas de la herencia sin haber obtenido autorización judicial y cuando ellos eran menores de edad; y que 100 cuerdas de esa finca las poseen los demandados.

ID.—ID.—ID.—Alegándose en la demanda que son seis los herederos y que la finca pertenece a ellos y a la viuda por sus gananciales, por lo que aparece claro que cada uno de los demandantes tiene en ella una dozava parte, que es la que reclaman, no puede concluirse que la demanda es insuficiente por no expresar las distintas participaciones de los diversos condueños para conocer las

de los demandantes; y en cuanto a que la demanda no expresa a virtud de cuáles transmisiones se encuentran los demandados en posesión de las 100 cuerdas, tal alegación no es necesaria pues basta alegar que poseen la finca que es objeto del pleito, sin que sea de aplicación lo resuelto en el caso de *Ruiz* v. *G. Llinás & Cía.*, 31 D. P. R. 48.

ID.—ID.—PARTES NO NECESARIAS.—Dos herederos que no figuran como demandantes en una acción sobre reconocimiento del derecho hereditario entablada por otros herederos no son partes necesarias en esta acción.

SENTENCIA de *E. Lloreda*, J. (Arecibo), en una acción reivindicatoria, desestimando la demanda, con las costas. *Revocada y devuelto el caso para ulteriores procedimientos.*

*L. Mercader*, abogado de los apelantes; *Largé & Zeno*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta porque habiendo sido sostenida por la corte inferior la excepción previa de los demandados de que la demanda no aduce hechos determinantes de causa de acción, a petición de los demandados la corte dictó sentencia y declaró sin lugar la demanda.

Martín, Isabel, Juana–Basilisa y María del Carmen González Bermúdez, que son cuatro de los seis hijos y herederos de Juan Antonio González, demandaron a cuatro personas alegando sustancialmente lo siguiente: que el padre de los demandantes fué dueño hasta su muerte de una finca de 170 cuerdas cuya descripción hicieron: que los cuatro demandantes y otros dos hermanos fueron declarados herederos de su padre en 1893, habiendo aceptado todos la herencia y quienes con su madre viuda, María Josefa Bermúdez, pasaron a ser dueños en proindiviso de dicha finca, los hijos por herencia y la viuda por sus gananciales y que los demandados nunca han traspasado, cedido ni renunciado su título o derecho de propiedad en dicha finca de la que son dueños en una dozava parte cada uno de los demandantes: que los demandados están poseyendo 100 cuerdas de la finca de 170 cuerdas desde hace unos cuatro años sin título alguno: que la viuda y otra persona como defensor de los entonces menores de edad no emancipados hicieron en el año 1893 la

partición de los bienes relictos por su causante y adjudicaron a diversos supuestos acreedores en pago de las deudas allí expresadas todos los bienes inmuebles de la herencia y que la finca de 170 cuerdas mencionada fué de igual modo adjudicada en pago de deudas a María Josefa Bermúdez (la viuda) y fué inscrita a su favor en el registro de la propiedad, y que por sucesivas transmisiones han llegado a poder de los demandados 100 cuerdas de ella: que cuando se hizo la partición de bienes, cuando fué aprobada por el juzgado de primera instancia y cuando fué protocolada en una notaría, los demandantes eran menores de edad no emancipados y no se obtuvo autorización judicial para que los bienes fueran dados en pago de deuda: y que los demandados poseen esas 100 cuerdas de terreno sabiendo que dicha partición de bienes es nula.

Por esas alegaciones y otra respecto a los frutos de esa finca solicitaron de la corte declarase que los demandantes son dueños de un condominio de una dozava parte cada uno en la finca de 170 cuerdas y que los demandados le paguen cierta cantidad por daños y perjuicios más las costas.

A petición de los demandados y por orden de la corte fueron eliminadas algunas palabras de esa demanda y fué hecha parte demandada la viuda Josefa Bermúdez. Posteriormente la corte declaró que los otros dos hijos y herederos debían ser hechos partes en el pleito y que la demanda no aduce hechos determinantes de causa de acción, dictando después la sentencia antes mencionada.

Los apelantes tratan en los tres primeros motivos de su recurso cuestiones que realmente no tienen importancia cualquiera que sea el resultado de nuestra resolución en este caso, pues se refieren a que fueron impropiamente eliminadas ciertas palabras de la demanda, a que no debió ordenarse la inclusión de la viuda como parte en el pleito y a que se debieron eliminar las segundas excepciones previas a la demanda, y solamente en el cuarto motivo es que tratan, aunque ligeramente, la cuestión fundamental en esta

apelación cual es, si la demanda aduce o no hechos determinantes de causa de acción, independientemente de si los dos herederos que no figuran en el pleito deben ser partes en él.

Los demandantes alegan ser dueños por título de herencia de una dozava parte cada uno de una finca de 170 cuerdas dejada por su causante: alegan que nunca han vendido, cedido ni renunciado su derecho en esa finca: que esa finca fué adjudicada a su madre para el pago de deudas de la herencia sin haber obtenido autorización judicial y cuando ellos eran menores de edad: y alegan que 100 cuerdas de esa finca las poseen los demandados.

Si todo eso es cierto, y hay que suponerlo así para resolver la excepción opuesta a la demanda, entonces resulta que siendo nula la adjudicación de bienes hecha para pago de deuda de acuerdo con lo resuelto en el caso de *Longpré* v. *Díaz,* 237 U.S. 519, ellos conservan en esa finca y en la porción de 100 cuerdas segregadas el derecho de una dozava parte que les correspondía por herencia de su padre y tienen derecho a que tal condominio les sea reconocido por los actuales poseedores de ella, según declaramos en el caso de *Capó* v. *Fernández,* 27 D.P.R. 715, y en el de *Santini* v. *Díaz San Miguel,* 27 D.P.R. 816.

La corte inferior fundó su decisión en este particular en que la demanda no es suficiente porque no se demuestra en ella claramente el derecho de los demandantes como dueños de la finca de 170 cuerdas por no expresar las distintas participaciones de los diversos condueños para conocer la de los demandantes, pero la demanda claramente alega que son seis los herederos y que la finca pertenece a ellos y a la viuda por sus gananciales por lo que aparece claro que cada uno de los demandantes tiene en ella una dozava parte, que es la que reclaman, por lo que no puede sostenerse la conclusión de la corte inferior; y en cuanto a que la demanda no expresa a virtud de cuáles transmisiones se encuentran los demandados en posesión de las 100 cuerdas, tal alegación no es necesaria pues basta alegar que poseen la finca que es

objeto del pleito, sin que sea de aplicación lo resuelto en el caso de *Ruiz* v. *G. Llinás & Ca.*, 31 D.P.R. 48.

En cuanto a si los dos herederos que no figuran en este pleito deben ser o no partes en él, opinamos que no son partes necesarias en el mismo porque no se trata de que se declare la nulidad de la partición de bienes en que intervinieron sino de recobrar los demandantes el condominio que alegan tener en una finca y del cual no se han desprendido por ser nula la adjudicación que de ella se hizo para el pago de deudas.

La sentencia apelada debe ser *revocada y el caso devuelto para ulteriores procedimientos.*

El Juez Asociado Sr. Franco Soto firmó: "Conforme con la sentencia."