APONTE ET AL., DEMANDANTES Y APELADOS, *v.* FÉLIX APONTE, FÉLIX HNOS. & CO. Y FREIRÍA & CO., DEMANDADOS Y APE LANTE LA ULTIMA.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de actos y contratos y reivindicación de inmuebles.

No. 1968.—Resuelto en julio 31, 1919.

HERENCIA—HEREDEROS—PARTICIÓN DE BIENES HEREDITARIOS—TÍTULO SUFICIENTE PARA REIVINDICAR.—La posesión de una finca en concepto de dueño por el causante de los demandantes, unida a la declaratoria de herederos y a la adjudicación de porciones indivisas por medio de una escritura de partición, es prueba de título suficiente para reivindicar en cuanto a un demandado que alega ser comprador de la finca en una subasta judicial pero no demuestra que el deudor ejecutado tuviera algún derecho, título o interés en la finca. *Capó* v. *Fernández,* 27 D. P. R. 715.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Francisco González.*

Abogado de los apelados: *Sr. Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Los demandantes, como herederos de Juan Félix, revindicaron 35 cuerdas de terreno de las cuales alegaron en la demanda ser dueños en unión de Román Félix Aponte, otro de sus hermanos, quien, aunque hecho parte demandada nunca compareció en el pleito.

Freiría & Compañía, dueños según el registro de la finca en cuestión, reclamaban su derecho a la referida finca por virtud de la venta en pública subasta que tuvo lugar en un pleito seguido contra Félix Hermanos y Cía., sociedad constituída por Román Félix Aponte y por comanditarios desconocidos para los demandantes en este caso y por razón de una sentencia decretando el título de dominio a su favor interponen apelación y alegan como errores los siguientes:

Primero, que la corte inferior cometió error al dictar sentencia a favor de los demandantes;

Segundo, que la corte incurrió en error al no sostener la excepción de cosa juzgada.

La cuestión respecto a la cual se hace más hincapié en el primer señalamiento de error, aunque no se hace cita de autoridades, es que la posesión en concepto de dueño por el causante de los demandantes, hecho que fué expresamente admitido en el juicio no es suficiente para fundar en ella una acción revindicatoria contra el demandado que posee por virtud de una sentencia que decreta el título de dominio a su favor y que ha sido inscrita. Pero los apelantes también insisten en el hecho de que los siete demandantes en esta acción no pueden reivindicar como dueños de toda la finca, puesto que diez de los herederos estaban representados en la declaratoria de herederos y la partición se hizo "por novenas partes entre los herederos de dicho causante que son los demandantes en esta acción y su hermano Román Félix Aponte."

En cuanto al segundo señalamiento de error, simplemente

se sugiere que será bastante con examinar la prueba para hallar la identidad de partes, materia objeto de la acción y causa de acción. El juez sentenciador, según parece, consideró la cuestión desde otro punto de vista y no es de la incumbencia de este tribunal seguir esta vaga referencia en busca de datos para basar en ellos la revocación de la sentencia.

"Que las cosas que obran en poder de una persona son de su pertenencia," es una presunción legal. Ley de Evidencia, artículo 112, párrafo 11. En este caso los apelantes admitieron en el juicio que Juan Félix Díaz "mientras vivió era el poseedor en concepto de dueño de la finca" que trata de reivindicarse. También se estipuló y convino en la corte inferior que las partes admiten que en la fecha en que se siguió el pleito en cobro de dinero por Freiría y Compañía, S. en C., contra R. Félix Hermanos y Cía., existía y giraba en la ciudad de Caguas una sociedad mercantil de dicha razón social, que fué la que contrató con la demandante, constituyendo la obligación cobrada por ésta en dicho pleito; que ni los demandantes ni la demandada en este pleito, conocen quiénes son los socios que constituían dicha sociedad, y que el gestor de ella lo era Román Félix Aponte, hermano germano de los demandantes.

La posesión en concepto de dueño por el causante de los demandantes unida a la declaratoria de herederos y a la adjudicación de porciones indivisas por medio de una escritura de partición es prueba suficiente del título en cuanto a un demandado que reclama como comprador en una subasta judicial en ausencia absoluta de demostración o pretensión alguna de que el deudor por virtud de la ejecución tenía algún derecho, título o interés en la finca. Y para los fines de esta opinión en tanto consideramos este aspecto del caso podemos prescindir de la porción indivisa del demandado Román Félix Aponte.

Claramente en cuanto a Freiría y Compañía los demandantes tienen derecho a recobrar cualesquiera porción indi-

visa adjudicada a ellos en la escritura de partición. Esto, desde luego, a falta de alguna demostración en contrario que no sea lo que aparece de los autos en apelación.

Ni la declaratoria de herederos ni la escritura de partición han sido sometidas a nuestra consideración y la ligera referencia que se hace de ellas en la exposición del caso no suministra mucha luz. No consta la fecha de la declaratoria de herederos. Juan Félix Díaz falleció, según parece, en el año 1907. La partición se hizo como a los dos años después. Juan y Juana, dos de los herederos mencionados en la declaratoria, pero que no se mencionan en la escritura de partición o en la demanda, pueden haber fallecido o no antes de la fecha de la partición a menos que la existencia de ambos dependiera de un error clerical. Los autos nada dicen sobre el particular. Y aun cuando estos dos fueran eliminados queda en pie el problema de qué fué lo que recibieron los demandantes, que ascendían a siete, en la distribución hecha por novenas partes únicamente entre ocho herederos.

Los apelados están dispuestos a admitir que quizás ellos no tienen derecho a recobrar una novena parte indivisa perteneciente a Román Félix Aponte, pero insisten en que tienen derecho a las ocho novenas partes restantes. Pero el proceso del cálculo aritmético por virtud del cual se llega a este resultado no se ha hecho por escrito en el alegato y el verdadero fundamento de la conclusión a que de tal modo se llegó no es evidente por sí mismo.

Tal vez si el juez sentenciador con todos los documentos ante sí o con la ayuda de las demás pruebas que puedan obtenerse pudiere llegar a una conclusión más satisfactoria que aquella a la cual puede llegarse con los datos que ahora están ante la consideración de esta corte. De todos modos preferimos que esta cuestión de hechos sea resuelta en primera instancia por la corte inferior a la luz de la doctrina enunciada por este tribunal en el reciente caso de *Capó* v. *Fernández,* resuelto en julio 22 de 1919, (pág. 715).

Por las razones expresadas la sentencia apelada debe ser revocada, debiendo devolverse el caso a la corte inferior para ulteriores procedimientos que no sean incompatibles con esta opinión.

> *Revocada la sentencia apelada, y devuelto el caso a la corte inferior para ulteriores procedimientos no inconsistentes con la opinion.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.