SUCESIÓN DE JESÚS ET AL., DEMANDANTES Y APELANTES, *v.* PÉREZ ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Arecibo, en pleito sobre reivindicación y daños y perjuicios.

No. 2085.—Resuelto en abril 12, 1920.

REIVINDICACIÓN DE PORCIONES INDIVISAS—HEREDEROS—LIQUIDACIÓN DE LA HERENCIA.—El heredero que es dueño de una porción indivisa de una propiedad inmueble tiene derecho a establecer una acción reivindicatoria por el montante de dicha porción, sin que para ello sea necesaria la liquidación previa de la herencia.

ID.—PRESCRIPCIÓN ORDINARIA.—Aun cuando desde el otorgamiento de la escritura de venta al poseedor no haya transcurrido el tiempo necesario para la prescripción ordinaria, sin embargo, si prueba la posesión anterior con buena fe y justo título desde una época que cubre el tiempo de la prescripción, esto será suficiente, si están presentes los demás requisitos.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. E. Campillo* y *J. Martínez Dávila.*

Abogado de los apelados: *Sr. Santiago B. Palmer.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los demandantes que componen la Sucesión de Antonio de Jesús establecieron una acción contra los demandados, el primero de los cuales, Manuel María Pérez Medina, después de una alegada venta obtuvo un título posesorio a su favor el cual lo traspasó a los demandados Juan Muñiz Méndez y a Felipe Muñiz Méndez. La acción establecida fué para que se decretaran ciertas nulidades y para reivindicar la propiedad. Los demandados negaron que los demandantes tuvieran títulos suficientes y los dos Muñiz Méndez se fundan en la prescripción ordinaria de diez años. La corte dictó sentencia a favor de los demandados por ambos fundamentos.

Al negar el título de los demandantes, la corte fundó su resolución en el hecho de que la propiedad en cuestión era ganancial y había pertenecido al padre y a la madre de los demandantes y que no podía surgir título alguno en los demandantes hasta tanto se hubiera practicado una liquidación de los bienes gananciales, así como por otras informalidades semejantes. La opinión de la corte inferior fué redactada antes de que este tribunal resolviera los casos de *Capó* v. *Fernández,* 27 D. P. R. 715; *Aponte et al.* v. *Félix Aponte Hnos., etc.,* 27 D. P. R. 824 y *Santini et al.* v. *Díaz San Miguel et al.* 27 D. P. R. 816, en cuyos casos aparece suficientemente que los herederos, dueños de porciones que no han sido liquidadas o indivisas de propiedad inmueble tienen derecho a establecer una acción reivindicatoria por el montante de

sus porciones no liquidadas o indivisas. Por tanto, una vez que los herederos muestran un título claro en su causante tendrían el derecho salvo la prescripción a establecer una acción reivindicatoria por sus porciones indivisas de propiedad donde quiera que estuvieren. No encontramos que la demanda sea insuficiente meramente porque no describa las gestiones que son necesarias para hacer que una porción indivisa sea más definida. También encontramos que la propiedad fué identificada suficientemente.

La cuestión de prescripción es muy diferente. Hubo prueba tendente a mostrar que Antonio de Jesús falleció en el año 1900 y que él y su esposa eran los dueños y estaban en posesión de la finca que trata de reivindicarse en esta acción. El dejó una viuda y tres hijos legítimos y otros dos o tres hijos naturales que no consta que fueran reconocidos y quienes parecen ser mayores que dichos hijos legítimos. Los referidos hijos legítimos son los demandantes, todos los cuales eran menores en la fecha de la muerte de su padre. Después del fallecimiento de Antonio de Jesús su viuda entró en posesión de la finca pero no reclamó sola la posesión pues uno de los hijos naturales llamado José y tenido como hermano por dichos hijos legítimos también estaba en posesión. Hubo prueba creditiva que la mencionada finca había sido inscrita a favor de Antonio de Jesús al ocurrir su fallecimiento.

También hubo prueba tendente a establecer el hecho de que José de Antonio, uno de los hijos naturales que estaba al frente de la propiedad, por indicación de su madre, fué donde el demandado Manuel María Pérez Medina a ver si le quería comprar una finca para pagar cierta deuda que tenía pendiente Antonio de Jesús con un tal Constantino Labarca, y que este último iba a establecer un embargo sobre la propiedad; que dicho Pérez Medina compró o trató de comprar la finca en el año 1901 pagando $230 por ella; que

él no sabía que la propiedad había sido inscrita a nombre de Antonio de Jesús; que en el año 1902, y con las colindancias variadas, lo que no se hizo fraudulentamente, él obtuvo un título posesorio a su favor con el consentimiento de José de Antonio, el hijo natural que estaba al frente de la finca y de su madre la viuda de Antonio de Jesús. Este título posesorio fué inscrito en el año 1904. El referido demandado Pérez Medina otorgó una escritura en diciembre 17, 1906 por la que traspasaba la propiedad a los demandados Muñiz. La demanda original en este caso fué radicada en diciembre 4, 1906, de modo que desde la fecha de la escritura hasta la fecha de la demanda original un poco menos de diez años había transcurrido. Por otra parte la prueba es muy robusta y convincente de que la propiedad fué vendida a los Muñiz algún tiempo antes del otorgamiento de la escritura, o sea hacia el año 1902, desde cuya fecha dichos Muñiz estuvieron constantemnte en posesión de la finca respetados por los demandantes que vivían muy cerca.

Pérez Medina necesariamente vino a ser dueño de la parte que pertenecía a la viuda con su consentimiento y él evidentemente creyó que adquiría toda la finca, pero su declaración muestra que no era muy perito en asuntos de títulos y que confiaba en otras personas, tanto en lo que respecta a la preparación del título posesorio como a la descripción de la propiedad. Sin embargo él sabía que había menores y de acuerdo con todas las decisiones no podía adquirir la propiedad de tales menores en esta forma, ni que la prescripción ordinaria correría a su favor.

Con respecto a los hermanos Muñiz la situación que se presenta es muy distinta. La prueba demuestra que ellos compraron la propiedad en 1902 y han estado en posesión desde entonces, pagando las contribuciones y con completo conocimiento de los demandantes quienes no hicieron gestión alguna por discutir el título hasta que fué establecida

esta acción.   Los apelantes sostienen que los apelados Muñiz están obligados por la escritura de 1906 y no pueden ir más allá de este documento escrito.   Dicen ellos que el proceder así sería cambiar los términos de un contrato escrito. Pero la cuestión es de hecho o sea, cuándo fué que los Muñiz adquirieron la propiedad.   Si ellos tenían un justo título en buena fé cuando compraron primeramente la propiedad en el año 1902, entonces ellos necesariamente fueron dueños de ella por más de diez años y la escritura muy bien pudo haberse hecho después.

En la fecha en que los Muñiz compraron la finca los autos ante nuestra consideración muestran que si bien ellos sabían que la había adquirido Pérez del hijo y viuda de Antonio de Jesús y que la viuda debía algún dinero, no hay nada que demuestre que su verdadero conocimiento de la existencia de algún defecto en el título fuera más allá de eso, a no ser que Muñiz tuviera algún conocimiento de cualquier defecto en dicho título.   Pérez Medina poseyó en concepto de dueño y por tanto traspasó un justo título.   Como la buena fé siempre se presume para anular esta presunción los demandantes estaban en el deber de demostrar ya un conocimiento por parte de Muñiz de que la propiedad pertenecía a la Sucesión de Antonio de Jesús, o tal conocimiento por su parte que hubiera hecho que una persona de ordinaria prudencia se hubiera vista obligada a investigar.   No encontramos prueba alguna de tal conocimiento en los autos y puesto que los apelados han alegado y probado un período prescriptivo de diez años con buena fé y un justo título, la sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.