Hernández, Demandante y Apelante, *v.* Sucesión Córdova, Demandada y Apelada.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre disolución de comunidad y otros extremos.

No. 2882.—Resuelto en julio 19, 1923.

Bienes Gananciales—Bienes Privativos.—La omisión de incluir un bien ganancial en una partición de bienes no cambia su carácter legal ni establece la presunción de que es privativo del cónyuge que lo adquirió.

Id. — Reivindicación de Gananciales Después del Divorcio — Liquidación de Sociedad de Gananciales.—Ratificando la doctrina establecida en *Capó* v. *Fernández y Santini* v. *Díaz San Miguel*, 27 D. P. R. 175 y 816, respectivamente, en el presente caso *se resolvió:* que no es necesaria la liquidación de la sociedad de gananciales para que los herederos de uno de los cónyuges, o el cónyuge mismo en caso de divorcio, pueda reclamar la mitad que le pertenece en la sociedad de gananciales disuelta.

Id.—Reivindicación—División de la Comunidad.—Un solar con dos casas no es la propiedad esencialmente indivisible a que se refiere el artículo 411 del del Código Civil, y en ausencia de prueba de que lo es, no procede una sentencia ordenando la venta de tal propiedad a petición del cónyuge *supérstite* en cuanto a la mitad, en concepto de gananciales.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Mercader.*

Abogados de la apelada: *Sres. Largé & Zeno.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Francisco Córdova Stuart compró un solar con dos casas estando casado con Ana Hernández Velázquez, sin que en la escritura de adquisición conste la procedencia del dinero invertido en la compra. Ese matrimonio fué disuelto por sentencia de divorcio de 25 de octubre de 1916, y en enero del año siguiente los divorciados dividieron entre sí una finca rústica por escritura pública en la que hicieron constar que esa finca era el único bien de la sociedad conyugal disuelta. Córdova murió en 1921 y poco tiempo después Ana Hernández Velázquez demandó a la sucesión testamentaria del que fué su esposo para que el tribunal declarase que le corresponde una mitad del solar y casas por ser un bien ganancial, para que la sucesión demandada le

pague la parte que le corresponde en los productos de dicha finca urbana desde la fecha de su divorcio y para que ordene la disolución de la comunidad de bienes que tiene con la sucesión, vendiendo la finca y entregando a cada partícipe lo que le corresponda.

Contestó la sucesión demandada y se celebró el juicio en el que la parte demandante fué la única que presentó prueba de la que resultan los hechos antes expuestos, que Córdova carecía de recursos cuando se casó con la demandante y que las casas han producido como rentas $69 mensuales desde que tuvo lugar el divorcio, habiendo tenido como gastos $30 de contribuciones y $40 de reparaciones por año.

La sentencia fué contraria a la demandante quien interpuso este recurso de apelación.

Realmente no hay controversia entre las partes con respecto a los hechos tal como los hemos expuestos pero sí en cuanto al derecho aplicable, pues sostiene la sucesión demandada y también el tribunal inferior que es necesaria una liquidación previa de la sociedad de gananciales del matrimonio y una adjudicación en ella a la demandante de la mitad de esa finca urbana para que como condueña pueda reivindicarla con sus frutos y para que pueda hacer que cese la comunidad de bienes.

Aunque es lo más probable que en la escritura de partición de la finca rústica hecha en 1917 se practicara una liquidación de la sociedad de gananciales del matrimonio, sin embargo, como no tenemos otra constancia de ella que la alegación hecha por la demandada en su contestación, aceptaremos que no se ha probado que se practicó la liquidación de la sociedad, pero ésta no era necesaria para la reclamación de la demandante. Más, antes de tratar esta cuestión debemos decidir si la finca urbana a que se refiere este pleito es un bien ganancial del matrimonio o es privativo del marido, como alega la parte apelada.

Como en este caso no se alega por las partes que hubo capitulaciones en el matrimonio, ha de entenderse que fué contraído bajo el régimen de la sociedad legal de gananciales, según dispone el artículo 1288 del Código Civil y, por tanto, que mediante ella el marido y la mujer hacen suyas de por mitad, al disolverse el matrimonio, las ganancias o beneficios obtenidos por cualquiera de ellos durante el matrimonio, de acuerdo con el artículo 1310 del mismo Código; y como la finca objeto de este pleito fué adquirida por el marido durante el matrimonio por título oneroso a costa del caudal común, pues no aparece del título de adquisición, ni se ha probado, que el dinero empleado en la compra sea exclusivo del marido, tenemos que concluir que se trata de un bien ganancial, sin que el hecho de haberse dividido antes otra finca ganancial, entre los divorciados convierta a la que se reclama en este pleito en privativa del marido, como sostiene la parte apelada. La omisión de incluir un bien ganancial en una partición de bienes no cambia su carácter legal convirtiéndolo en privativo del cónyuge que lo adquirió; no hay precepto en la ley que así lo establezca. Puesto que en este caso se trata de un bien ganancial y puesto que la sociedad legal del matrimonio terminó por el divorcio, desde este momento una mitad de la finca correspondía a la demandante, no por herencia sino como dueña por su participación en la sociedad.

Ahora bien, hemos declarado implícitamente en el caso de *Capó* v. *Fernández,* 27 D. P. R. 715, y expresamente en el de *Santini* v. *Díaz San Miguel,* 27 D. P. R. 816, que no es necesaria la liquidación de la sociedad de gananciales para que los herederos de uno de los cónyuges, o el cónyuge mismo en caso de divorcio, decimos ahora, pueda reclamar la mitad que le pertenece en la sociedad de gananciales disuelta. En el caso de Santini dijimos:

"Ahora bien, aunque la autoridad de dichos casos no fué discutida, ni la cuestión específica de la previa liquidación de la sociedad

de gananciales examinada, basta un ligero estudio de la reciente decisión de esta Corte Suprema en el caso de *Capó* v. *Fernández*, para concluir que los casos de Sucesión Morales, de Newman y de Ortiz, quedaron afectados por el de Capó. Implícitamente resolvió esta corte en *Capó* v. *Fernández,* en julio 22, 1919 (p. 715), que no sólo no era necesaria la previa liquidación de la herencia para reclamar el derecho hereditario, sí que tampoco la previa liquidación de la sociedad de gananciales. Y en esta ocasión no sólo implícita sino expresamente ratificamos tal criterio, y en apoyo del mismo citaremos una decisión de la Corte Suprema de Louisiana que resuelve concretamente el punto envuelto en este pleito.''

Siguiendo la doctrina expuesta en esos casos, tenemos que concluir que la demandante tiene derecho a que se declare que es dueña de la mitad *pro indiviso* de la finca en cuestión y que tiene derecho a la mitad líquida de sus productos desde la disolución de su matrimonio.

Con respecto a la venta que se solicita para hacer cesar la comunidad en dicha finca, como el artículo 411 del Código Civil dispone que cuando la cosa común fuere esencialmente indivisible, y los dueños no convinieren en que se adjudique a uno de ellos indemnizando a los demás, se venderá y repartirá su precio, y como un solar con dos casas no es por sí mismo esencialmente indivisible ni se ha probado en este caso que lo sea para que proceda su venta y distribución del precio, no procede que se ordene su venta, sin perjuicio de que pueda solicitarse nuevamente la división de la comunidad.

Por las razones expuestas la sentencia apelada debe ser revocada, menos en cuanto no ordena la venta de la finca.

*Revocada en parte y en parte confirmada la sentencia apelada, sin especial condena de costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.