Baldomero Delgado Encarnación, Alberto Rivera Delgado, representado por su padre Isidoro Rivera, demandantes y apelantes, *v.* Doña Juana Encarnación Guadalupe, Sucesión de Tomás Díaz Figueroa y La Porto Rico Railway, Light & Power Co., por sí y como Sucesora de la Caguas Tramway Co., demandados y apelados.

No. 3731.—*Visto:* Febrero 18, 1926.    *Resuelto:* Abril 12, 1926.

1. Descendencia y Distribución—Derechos y Responsabilidades de Herederos y "Distributees"—Naturaleza y Establecimiento de los Derechos en General—Acciones Ejercitadas por Herederos—Reivindicación—Propiedades no Liquidadas o Indivisas—Derecho de Acción.—Los herederos, dueños de porciones indivisas de propiedad inmueble, tienen derecho a establecer acción reivindicatoria por el montante de sus porciones indivisas, aún cuando no se haya practicado previamente una liquidación de los bienes hereditarios.

2. Vendedor y Comprador—Título del Vendedor — Defectos en el Mismo—Conocimiento del Comprador de Dichos Defectos—Hechos Insuficientes para Imputar Conocimiento al Comprador.—El hecho de que una corporación que compra a otra se haga cargo del activo, propiedades y negocios de ésta no es suficiente para imputar a aquélla el conocimiento que la vendedora tenía de los defectos en su título.

3. Reivindicación—Derecho de Acción y Defensas—Prescripción como Defensa—Comprador con Buena Fe y Justo Título.—Si bien para uno que tiene conocimiento de defectos en su título no puede correr la prescripción ordinaria a su favor, no así ocurre para otro que, no habiéndose demostrado que tuviera conocimiento de esos defectos, compró de aquél de buena fe.

Resolución de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando con lugar excepciones previas y sin lugar la demanda en cuanto concierne a la Porto Rico Railway, Light & Power Co., con costas. *Confirmada.*

*Campillo & Campillo,* abogados de los apelantes; *J. H. Brown* y *Clemente Ruiz Nazario,* abogados de la demandada P. R. Ry., Light & P. Co.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Los demandantes en su carácter de herederos de José Delgado y Reyes interpusieron esta acción contra los demandados solicitando la nulidad de un expediente de dominio y de ciertos traspasos y sus inscripciones, como medio de obtener la reivindicación de una porción de terreno que se describe en la demanda. Esta demanda había sido enmen-

dada por tercera vez y fué nuevamente excepcionada por falta de causa de acción, alegándose fundamentalmente por la demandada Porto Rico Railway, Light & Power Co., entre otros motivos, la prescripción adquisitiva del terreno de acuerdo con el artículo 1864 del Código Civil en armonía con el 1858 del mismo Código.

La corte inferior dictó sentencia desestimando la demanda sin emitir una opinión, y los apelantes asignan como errores los motivos que fueron alegados por la demandada para sostener su excepción y que sirvieron de fundamento a la sentencia.

El caso es bien análogo, por sus circunstancias, al de *Sucesión de Jesús et al.* v. *Pérez et al.,* 28 D.P.R. 319, en donde fueron planteadas y resueltas las mismas cuestiones.

[1] La propiedad que se reclama se alega que es un bien ganancial y la apelada alega que los apelantes no podían dirigir su acción a una parte indivisa hasta que se hubiera practicado una liquidación de los bienes. En el caso de *Sucesión de Jesús, supra,* disponiendo de esa objeción se dijo lo siguiente:

"Al negar el título de los demandantes, la corte fundó su resolución en el hecho de que la propiedad en cuestión era ganancial y había pertenecido al padre y a la madre de los demandantes y que no podía surgir título alguno en los demandantes hasta tanto se hubiera practicado una liquidación de los bienes gananciales, así como por otras informalidades semejantes. La opinión de la corte inferior fué redactada antes de que este tribunal resolviera los casos de *Capó* v. *Fernández,* 27 D.P.R. 715; *Aponte et al.* v. *Félix Aponte Hnos., etc.,* 27 D.P.R. 824 y *Santini et al* v. *Díaz San Miguel et al.,* 27 D.P.R. 816, en cuyos casos aparece suficientemente que los herederos, dueños de porciones que no han sido liquidadas o indivisas de propiedad inmueble tienen derecho a establecer una acción reivindicatoria por el montante de sus porciones no liquidadas o indivisas. Por tanto, una vez que los herederos muestran un título claro en su causante tendrían el derecho salvo la prescripción a establecer una acción reivindicatoria por sus porciones indivisas de propiedad donde quiera que estuvieren."

[2, 3] El punto relativo a la prescripción tiene otro aspecto distinto, e igual en sus efectos al que .se discutió en el caso de Sucesión de Jesús, *supra*. La diferencia de este caso es que la cuestión fué juzgada en sus méritos.

La demanda en este caso substancialmente alega: que Juana Encarnación Guadalupe, siendo casada con José Delgado y Reyes, compró a Casimiro Ortiz la mitad *pro indiviso* de la finca que se describe en la demanda; que fallecido Delgado dejó dos hijos nombrados Baldomero y Juana Delgado, falleciendo a su vez esta última, soltera, y dejando un hijo menor de edad, nombrado Alberto Rivera Delgado, siendo éstos en concurrencia con Juana Encarnación Guadalupe los únicos herederos del causante; que sin haber procedido la viuda a la liquidación del caudal hereditario, ella vendió por escritura pública de enero 20, 1901, a Tomás Díaz Figueroa la mitad *pro indiviso* de la propiedad mencionada, quien también había adquirido la otra mitad indivisa por compra a Carmen Encarnación Guadalupe; que en 1907 Tomás Díaz Figueroa vendió a la Caguas Tramway Co. una faja de terreno compuesta de 6,720 metros cuadrados y que la corporación compradora no pudiendo inscribir su título en el registro de la propiedad por la adquisición que se hizo de Juana Encarnación Guadalupe, tramitó ante la Corte de Distrito de San Juan un expediente de dominio que fué aprobado en septiembre 2, 1908, pero sin que en el procedimiento seguido se cumplieran las formalidades del artículo 395 de la Ley Hipotecaria; alegándose por último que en julio 2, 1909, la Caguas Tramway Co. vendió a la Porto Rico Railway, Light & Power Co. la faja de 6,720 metros de terreno, y que esta última corporación ''se hizo cargo del activo, propiedades y negocios de la Caguas Tramway Co.''

Se notará de estas alegaciones que no existe nada que impute a la demandada Porto Rico Railway, Light & Power Co. el conocimiento de los defectos existentes en la tramitación del expediente ni se alega que ellos aparezcan del re-

gistro ni defecto alguno que se refiera al origen del título. El conocimiento de la Caguas Tramway Co. en cuanto a tales defectos no implica necesariamente el conocimiento de la demandada Porto Rico Railway, Light & Power Co. por el mero hecho de que ésta se hiciera cargo del activo, propiedades y negocios de aquella corporación. Para esto era indispensable alegar la consolidación de ambas corporaciones de modo que apareciera que la Caguas Tramway Co. continuaba su existencia en la corporación demandada o que ésta fuera una mera continuación de la corporación vendedora. De manera que si bien para la Caguas Tramway Co. no puede correr la prescripción ordinaria por intervenir menores, no así ocurre para la demandada. En ésta se presume la buena fe siempre, consistente en su creencia de que la Caguas Tramway Co., de quien recibió la propiedad, era dueña de la misma y podía transmitir su dominio. La venta de la Caguas Tramway Co. se hizo en julio 2, 1909. La demanda aparece archivada en marzo de 1925. Se desprende pues, que la Porto Rico Railway, Light & Power Co. ha estado en posesión de la propiedad por un período de más de diez años con buena fe y justo título. No se alega que los demandantes estuvieren ausentes y de la faz de la demanda la acción resulta prescrita.

*Por todo lo expuesto, debe confirmarse la sentencia apelada.*