Roberto Muñoz McCormick, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Nó. 818.—*Sometido:* Noviembre 26, 1930.—*Resuelto:* Enero 15, 1931.

*R. H. Blondet* y *E. Díaz Santana,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Presentada al Registro de la Propiedad de San Juan una escritura otorgada en 28 de febrero de 1930, por D. Carlos J. Torres, albacea testamentario de D. Harry A. McCormick, y D. Eduardo Otto McCormick, D. José Muñoz, D. Roberto Muñoz McCormick y otros, sobre entrega de participación hereditaria, el registrador denegó la inscripción, y puso la siguiente nota:

"Denegada la inscripción del precedente documento, que es copia. de la escritura número 16 otorgada en San Juan el 28 de Febrero de 1930, ante el Notario José Martínez Dávila. Primero: porque, con el testamento presentado podría inscribirse el derecho hereditario de uno o de varios herederos, en común pro indiviso, de una o de más fincas, pero no determinada participación en cada finca, pues eso sólo puede hacerse cuando se presenta la divisoria de TODOS los bienes del causante, en la forma y del modo dispuesto por la ley.—(Artículos 1024 y 1028 del Código Civil Revisado.) Es constante la jurisprudencia que así lo resuelve. Bastará citar la del caso 15 D.P.R. 669, y el artículo 71 del Reglamento Hipotecario que inserta y comenta Morell en la página 426 del tomo segundo, uno de cuyos párrafos dice así:

" 'Si se pidiere la inscripción de adjudicación será necesario presentar la partición formalizada con arreglo a las leyes cuando fueren varios los herederos o cuando, siendo único, existiese persona designada para otorgarla, o también escritura pública a la cual hayan prestado su consentimiento todos los interesados si se adjudicaren solamente una parte del caudal y aquéllos tuvieren la libre disposición del mismo.'

Segundo, porque habiendo adquirido el testador a título oneroso la finca que se trata de inscribir, estando casado con Dolores Alcaide Baiz, tiene que preceder la liquidación de la sociedad legal de gananciales con intervención de TODOS los herederos (Res. de 4 Julio

1911), que deben suscribir el correspondiente documento (Res. de 12 de Noviembre 1895 y otras), Morell, tomo segundo, páginas 457 y 459), y también podrían conocerse los bienes privativos del testador y, con las bajas de la testamentaría, el caudal repartible que, de otro modo, es imposible; Tercero, porque en la transacción de derechos hereditarios entre los albaceas y los hijos naturales reconocidos del testador, nombrados Sabina, Guadalupe y Francisco Anaya, caso civil número 6655, no se demuestra que Todos los herederos voluntarios, mayores de edad, hayan prestado su conformidad con ese arreglo por noventa mil dollars, ni que la competente Corte de Distrito lo aprobara, por lo que respecta a los menores de edad, con derecho a la herencia, que no pueden ser representados por sus padres por tener con éstos interés opuesto; consentimiento tanto más necesario cuanto que esos herederos forzosos, de haber sido declarados tales en el correspondiente documento judicial, o sentencia firme, resultarían perjudicados, pues les corresponderían dos terceras partes del caudal divisible, aceptando como válidos los legados que por 97,000 dollars, e institución de herederos voluntarios que, en cuanto quepa en el tercio de libre disposición, pudo hacer el testador (Artículos 802 y 796 del Código Civil); Cuarto, porque cuando se trata de albaceas particulares deben inscribirse previamente los bienes a nombre de los herederos (Res. 26 Enero 1889 y las dos que en la misma se citan); Quinto, porque no se trata de pagar deudas y, aunque así fuera, habría que acreditar su certeza, pues de lo contrario tampoco podría inscribirse la escritura que otorgara el albacea (Res. de 10 Mayo 1880); Sexto, porque no se acredita, con las oportunas actas del Registro Civil, el nacimiento de los herederos voluntarios Adela, Edith y William Wilford Watson McCormick y de Catalina y Muriel Kiernan McCormick, documentos necesarios porque en la institución de herederos no se les designó por sus nombres sino por los de 'los hijos de sus legítimos hermanos que vivieren al tiempo de la muerte del causante'; circunstancia que debe justificarse cumplidamente (Res. de 27 junio 1890 y las demás que cita Morell en la página 487 del tomo segundo); Séptimo, porque en el pleito número 11235 sobre entrega de participación hereditaria, objeto de esta anotación, intervinieron como demandante, veinte de los herederos voluntarios, pero no los otros tres (Arturo Muñoz McCormick, María McCormick, de Serrano y Jorge McCormick Dalmáu) que pudieron ser demandados con arreglo al artículo 66 del Código de Enjuiciamiento Civil si no querían establecer demanda contra los albaceas; Octavo, porque habiendo fallecido el heredero voluntario Jorge McCormick

Dalmáu, es indispensable inscribir previamente el derecho del hijo en favor de 'sus padres (Galindo y Escosura, tomo primero, página 423). Tomada anotación preventiva por 120 días a favor de Edith McCormick y de Carlos-Eduardo, Roberto, José-Leopoldo, Fernando e Iraida Muñoz McCormick y de Ricardo H. Blondet al folio 88 del tomo 56 de Río Piedras, finca número 687 septuplicado, anotación A, con los defectos subsanables de no describirse dicha finca en la forma que determina el artículo 9no. de la Ley Hipotecaria; y de no insertarse ni acompañarse el documento judicial que acredite el derecho de los hijos naturales reconocidos a la herencia del Sr. Mc-Cormick.''

De esa nota se recurre por Roberto Muñoz McCormick.

Argumentando el primer extremo de la denegatoria, el apelante sostiene que existe la partición desde el momento en que por corte competente se concede al interesado su parte alícuota; y nos cita algunas decisiones.

Las sentencias que por el apelante se citan, *Capó* v. *Fernández,* 27 D.P.R. 716, y *Sucesión de Jesús* v. *Pérez,* 28 D.P.R. 319, no son aplicables a este caso. En ellas se determina y resuelve el derecho del heredero de reclamar para sí los derechos que de acuerdo con la ley le correspondan en alguno o en todos los bienes de la herencia, sin necesidad de que preceda la partición, y siendo para ello suficiente el título de heredero; pero se dice también que cuando el heredero reclama una finca o una parte separada de los bienes de la herencia, entonces no basta con alegar su calidad de heredero, sino que tiene que alegar la partición (Véase *syllabus Capó* v. *Fernández, supra*).

Es un problema sencillo. Por la herencia, originada por la muerte del causante, y su disposición testamentaria, o la disposición de la ley en los casos de intestado, surge el derecho de los herederos sobre los bienes como conjunto o totalidad, y su representación de la personalidad del testador en sus derechos y obligaciones; pero cuando esos herederos van a reclamar para sí una finca específica o una parte determinada, de la herencia, entonces es necesaria la partición. En

realidad esto no es otra cosa que la aplicación a la herencia de los preceptos de los artículos 664 *a,* 669 y 1035 del Código Civil. Veamos su texto.

"Art. 664 a.—Sucesión es la transmisión de los derechos y obligaciones del difunto a sus herederos.

"Art. 669.—Los herederos suceden al difunto por el hecho solo de su muerte, en todos sus derechos y obligaciones.

"Art. 1035.—La partición legalmente hecha confiere a cada heredero la propiedad exclusiva de los bienes que le hayan sido adjudicados."

En este caso concreto, sólo la adjudicación hecha en una partición de herencia confería título a los interesados sobre las participaciones cuya inscripción solicitan. En la partición, el heredero que la hace, o que la admite, renuncia implícitamente a su participación especial en los bienes que se adjudican a otros herederos; esta renuncia recíproca da lugar a la específica determinación de títulos.

¿Pero se ha hecho aquí la partición? En realidad éste es un extremo en el que no han puesto gran fuerza la apelante y el apelado.

██ Uno de los documentos presentados por los que pidieron la inscripción es la certificación del Secretario de la Corte de Distrito de San Juan, P. R., en la que se contiene la relación del caso, en el civil No. 11235 de dicha corte, sobre reclamación de herencia, instituído por doña Adela McCormick de Watson, y otros contra los albaceas de don Harry McCormick y Hartman. Ciertamente, en ese pleito, como observa el registrador, en uno de los extremos de su nota, no intervienen algunos de los herederos o interesados; según la nota del registrador, los que faltan son María McCormick de Serrano, Arturo Muñoz McCormick y Jorge McCormick Dalmáu. Pero observamos en toda la documentación (copia de la demanda, relación del caso, y escritura a inscribir) que Jorge McCormick Dalmáu aparece haber fallecido, y representan sus derechos sus padres Eduardo Otto McCormick y Hortensia Dalmáu; y en cuanto a Arturo Muñoz McCormick,

de la cláusula Décimo-tercera del testamento del Sr. Harry A. McCormick resulta expresamente excluído Arturo Muñoz McCormick, de cuanto se refiere a esta herencia. En lo que toca a María McCormick de Serrano, ella aparece del testamento instituída como una heredera, si bien su participación se le ha de dar en usufructo; esta señora no aparece en el antes citado litigio como parte demandante o demandada; y a nuestro juicio, su intervención era necesaria, y lo sería en la partición.

De los documentos presentados, aparece que veinte herederos y legatarios reclamaron sus participaciones, y a ese fin presentaron su demanda; contestaron los albaceas; y luego, en el curso del litigio, llegó un momento en que vinieron los contendientes a una transacción, y presentaron los demandantes una moción para que se dictara sentencia, y en la moción fijaron la participación que a cada uno de ellos correspondía, y la forma y bienes en que había de pagárseles, y solicitaron que en ese sentido se dictara la sentencia; esa moción se halla suscrita por el abogado de los demandados. Entendemos que ésa fué la base de la relación del caso que aparece entre los documentos presentados. En esta relación del caso se hace la adjudicación de bienes diversos, en la forma en que se solicita en la moción antes aludida. Pero, aunque se dice que el secretario de la corte deberá registrar sentencia de acuerdo, no encontramos certificación de tal sentencia y la relación del caso no sería bastante a justificar que la sentencia se dictó y que es firme.

Aparte de la no intervención de María McCormick de Serrano, y de que en el testamento hay nombrados contadores-partidores, que es a quienes toca hacer la partición en el caso de que los herederos todos no la hicieran, no vemos que el documento presentado, (relación del caso) sea suficiente a justificar la adjudicación, a la que no precede un inventario y en la que no hay una liquidación, en la que se establezca el capital con la previa deducción de aportaciones, ganan-

ciales, y bajas. En consecuencia, la nota del registrador, en los extremos primero y segundo, es correcta.

En el tercer extremo de la nota, se refiere el registrador a una transacción entre los albaceas y los hijos naturales del testador. Debemos decir que éste es un particular en el que no se encuentra un dato definitivo; se alude a estos hijos y a esta transacción; pero carecemos de documento terminante acerca de esto. Es evidente que, de haber transacción con presuntos herederos, ella no es para ser realizada por los albaceas, sino por los interesados en la herencia, y por todos los interesados. Y en ese caso, el registrador tiene razón.

En cuanto a los extremos cuarto y quinto de la nota, en un caso de adjudicación legalmente hecha, no sería necesaria la previa inscripción a favor de los herederos; y no hay nada que justifique el pensamiento del registrador en lo que expresa de si se tratara de pago de deudas. En estos particulares debe revocarse la nota.

Aunque no con el carácter de insubsanable, es también una falta la de justificación de nacimiento de los herederos voluntarios Adela, Edith y William Wilford Watson McCormick; y lo es también la falta de previa inscripción del derecho hereditario de Jorge McCormick Dalmáu.

*Se confirma la nota recurrida en cuanto a los puntos primero, segundo, tercero y séptimo; se declaran subsanables los defectos anotados bajo los números sexto y octavo; y se revoca en lo demás.*