MARÍA LUISA BLANES MANGUAL, demandante y apelada, *v.* ISAAC FRANCISCO GONZÁLEZ MARTÍNEZ, demandado y apelante.

Núm. 8428.—*Sometido:* Mayo 8, 1942. *Resuelto:* Junio 16, 1942.

*R. Cuevas Zequeira*, abogado del apelante; *Clemente Ruiz Nazario* y *Heriberto Torres Solá*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Disuelta a virtud de sentencia de divorcio la sociedad de gananciales que existió entre el apelante y la apelada, instó esta última una acción en la corte inferior interesando la liquidación de dicha sociedad. Alegó la apelada que ni ella ni el apelante aportaron bienes al matrimonio, pero que posteriormente adquirieron algunos que existen en la actualidad y en parte se describen en la demanda, todos los cuales pertenecen a la sociedad conyugal con excepción de dos casas, la número 83 de la Calle Allen, de esta ciudad, y la número 32 de la Calle Loíza, en Santurce, las que fueron adquiridas por la apelada con peculio propio procedente de donación y herencia recibidas de su padre. Solicitó la apelada que una vez determinado por la corte el carácter privativo de dichos dos inmuebles, se ordenase el inventario, avalúo y liquidación de la sociedad conyugal, para lo cual solicitaba el nombramiento de un contador partidor.

Alegó en contrario el apelante que dichas dos fincas fueron adquiridas con dinero de la sociedad de gananciales, y

trabada así la controversia, la dirimió el tribunal inferior por la sentencia objeto de este recurso, en la que como únicos pronunciamientos declaró que las dos propiedades en controversia pertenecen privativamente a la apelada, con excepción de $108.94 que declaró ella haber tomado de la sociedad de gananciales e invertido en la casa número 32 de la Calle Loíza, e impuso las costas al demandado apelante.

Sostiene ahora este último, y también sostuvo en la corte *a quo*, que la demanda no aduce hechos constitutivos de causa de acción. Basa su contención en que con arreglo a los artículos 600 y siguientes del Código de Enjuiciamiento Civil (ed. 1933) y los 1316, 1317, 1318 y 1322 del Código Civil (ed. 1930), dentro de la acción ejercitada no procede determinar el carácter privativo o ganancial de los bienes, debiendo limitarse la acción a obtener el nombramiento de un contador partidor para que prepare el inventario, avalúo y liquidación y división de los mismos, y someter su informe al tribunal, quien podrá aprobarlo, modificarlo o rechazarlo según proceda.

En efecto, el artículo 1316 prescribe que disuelta la sociedad de gananciales se procederá desde luego a la formación del inventario. Los restantes artículos del Código Civil citados por el apelante establecen las reglas para la formación del inventario, pago de las deudas de la sociedad y división del remanente líquido de los bienes gananciales. Por último, el 1324 preceptúa que en cuanto a la formación del inventario, reglas sobre tasación y venta de bienes y demás que no se halle determinado en el Tít. 3, Cap.º 4, Lib. 4 del Código Civil, que trata "De la sociedad de gananciales" se aplican las reglas establecidas en el Tít. 3, Cap.º 6, sec. 5, Lib. 3. Es por esa razón que el apelante invoca el artículo 600 del Código de Enjuiciamiento Civil (ed. 1933) relativo al nombramiento del contador partidor.

Expuestos estos antecedentes, la primera cuestión a resolver es: ¿tuvo jurisdicción la corte *a quo* para dirimir la

controversia respecto al carácter privativo o ganancial de las dos fincas reclamadas por la apelada, o venía obligada a circunscribir su resolución al nombramiento del contador partidor que también solicitaba la apelada?

En sus Comentarios a la Ley de Enjuiciamiento Civil, tomo 4, pág. 448, interpretando Manresa preceptos de la Ley de Enjuiciamiento Civil de España, que empezó a regir el 1 de abril de 1881, análogos al 600 y siguientes de nuestro Código de Enjuiciamiento Civil, dice que con arreglo a los artículos 466 y 467 de la ley de 1855, el nombramiento de contador partidor se hacía después de aprobado el inventario y avalúo y de terminados todos los pleitos a que uno u otro hubiere dado lugar; pero que "a fin de evitar en cuanto fuere posible la costosa intervención del juzgado", en la citada Ley de 1881 se ampliaron las facultades del contador partidor, abarcando todas las operaciones de la testamentaría, "incluso el inventario cuando no hubiere sido hecho judicialmente, hasta liquidar, dividir y adjudicar a los interesados el caudal hereditario."

De acuerdo con los artículos 600 y siguientes de nuestro Código de Enjuiciamiento Civil, nombrado un contador partidor antes de dirimirse una controversia como la que nos ocupa, tendría dicho contador partidor facultad para dirimirla. Sin embargo, esa facultad no excluye la de la corte para resolver la misma controversia, y simplificado así el caso, nombrar entonces al contador partidor para que proceda a practicar las demás gestiones, es decir, las del inventario, avalúo y liquidación de la sociedad.

Si la corte tiene jurisdicción para nombrar al contador partidor, y a la postre—cuando las partes son mayores de edad y existe desacuerdo—aprueba su informe, lo modifica o rechaza según proceda, y establece la norma a seguir para resolver la cuestión, claro es que ese tribunal puede hacer por sí mismo lo que en su caso haría el contador partidor. A nuestro juicio, la posición del contador partidor con res-

pecto a la corte de donde deriva su nombramiento es similar a los del *master in chancery* de las cortes de equidad. El *master*, auxiliar de la corte, recibe evidencia, prepara sus conclusiones y somete su informe al tribunal, quien lo acepta, modifica o rechaza, pero esa facultad del master no excluye la del tribunal para, si lo cree conveniente, hacer por sí mismo la labor que podría delegar en el master.

Teniendo la corte inferior jurisdicción para dirimir la controversia que le fué planteada por las alegaciones, claro es que la demanda de este caso aduce hechos constitutivos de causa de acción.

Pasemos ahora a los méritos del caso. Prescribe el artículo 1307 del Código Civil que se reputan gananciales todos los bienes del matrimonio mientras no se pruebe que pertenezcan privativamente al marido o a la mujer, y el 1299, que son bienes propios de cada uno de los cónyuges, entre otros, los adquiridos durante el matrimonio por título lucrativo, ya sea de donación, legado o herencia. Así pues, los que son objeto de controversia en este caso tienen la presunción de gananciales, siendo a la apelada, que los reclama como privativos, a quien incumbe destruir la presunción por la preponderancia de la prueba. ¿Controvirtió la apelada suficientemente dicha presunción? Esa es la segunda cuestión a resolver. La prueba documental presentada por la apelada demuestra concluyentemente que en 1926 y 1927, muchos años después de celebrado el matrimonio, la apelada adquirió de su padre, por donación, herencia y legado, bienes y efectivo por valor de unos $25,000. Revela también la prueba que de dicha suma invirtió la cantidad de $2,500 en un préstamo hipotecario sobre la finca radicada en la Calle Loíza núm. 32 y que ejecutada la hipoteca el inmueble le fué adjudicado el 4 de enero de 1933 en pago del crédito hipotecario a que estaba afecto, constando la adquisición por escritura de venta judicial de la fecha antes indicada ante el notario Rafael Ramírez Santibáñez, inscrita en el Registro de la Propiedad.

Resulta además de la prueba documental que la apelada el 12 de marzo de 1930 adquirió un condominio consistente en la mitad de la finca marcada con el número 83 de la Calle Allen, por compra a Rosa Pérez Román, por precio de $8,500, pero hallándose la totalidad de la finca afecta a una hipoteca por valor de $6,000 a favor de don José La Costa, retuvo la compradora la cantidad de $3,000 para atender al pago a su vencimiento, dando fe el notario que la compradora entregó a la vendedora en su presencia los $5,500 resto del precio. Aparece además de la evidencia que en 7 de mayo de 1930 la apelada adquirió otro condominio, consistente en la otra mitad de la casa marcada con el número 83 de la Calle Allen, de esta ciudad, por compra a doña Lina Pérez de Jiménez y a sus menores hijos, por precio total de $8,533.25, del cual retuvo la compradora la cantidad de $3,000, parte proporcional de la hipoteca antes mencionada a favor del Sr. José La Costa de que respondía el condominio, constando la adquisición en escrituras otorgadas ante el notario don Julio César González. No se consignó, sin embargo, en las escrituras ni en el Registro de la Propiedad el carácter privativo de las propiedades así adquiridas por la apelada, pero esa circunstancia no afecta la resolución de este caso toda vez que no hay tercero que pueda ser perjudicado, ya que el apelante no puede considerarse como tal a los efectos de esta controversia. Sostienen los tratadistas que cuando hay terceros interesados, acreedores, por ejemplo, se requiere una prueba más fuerte para destruir la presunción de gananciales a que se contrae el artículo 1307 del Código Civil que cuando los interesados son los cónyuges o sus herederos. Es lógico y racional que así sea, si consideramos la facilidad con que marido y mujer, puestos de acuerdo, podrían, en perjuicio de tercero, hacer aparecer como privativos de uno u otra, bienes que legalmente correspondan a la sociedad conyugal. 9 Manresa, Código Civil Español, 618. Teniendo en cuenta esa circunstancia se ha resuelto repetidamente que

la mera manifestación o declaración del cónyuge que podría resultar perjudicado no es bastante para destruir la presunción de ganancial, cuando se ha tratado de inscribir como privativos de uno u otro cónyuge, bienes adquiridos durante el matrimonio. Pero cuando la controversia es entre marido y mujer, como sucede en este caso, la razón de la regla desaparece y los tribunales no deben ser tan exigentes en cuanto a la suficiencia de la prueba. A ese efecto dice Manresa:

"La cuestión puede también presentarse entre el marido y la mujer en caso de separación de bienes durante el matrimonio, o entre un cónyuge y los herederos del otro. En este caso, varían algo las circunstancias. Por una parte, los herederos no son terceros, sino que deben respetar los actos y las obligaciones de su causante, continuando su personalidad jurídica. Por otra, *cada cónyuge tiene siempre derecho a cuanto conste haber aportado o adquirido privativamente durante la unión.* Cabe, pues, que la confesión del marido, de ser el dinero que sirvió de precio a la compra de ciertas fincas procedente de su mujer, constituya prueba contra él o sus herederos, y cabe que, aun en caso de duda, *se adjudiquen las fincas a la mujer o a sus causahabientes, en sustitución de otro tanto valor en metálico o bienes fungibles que conste claramente haber sido aportado o adquirido durante la unión.*

"La jurisprudencia francesa ha resuelto en este sentido la cuestión, declarando que la confesión del marido obliga a sus herederos o constituye prueba contra ellos, y creemos admisible esta conclusión, con arreglo a los principios que regulan la materia de sucesiones. Aun los herederos forzosos han de quedar obligados, a menos de aceptar la herencia a beneficio de inventario, y conservar los derechos que les corresponden contra el causante por razón de su legítima, caso de que la confesión les cause en ella lesión o perjuicio." (Bastardillas nuestras.) Ob. y tit. cit., págs. 618-619.

Si consideramos los actos de las partes, coetáneos y posteriores a la adquisición de estos bienes que la apelada reclama como privativos, inmediatamente nos convenceremos de que a ella asiste la razón. Consta de los autos que la sociedad de gananciales es dueña de varias fincas urbanas radicadas en esta ciudad y de bienes muebles, todos los cuales, hasta que se nombró el administrador judicial, estuvieron

bajo la administración del apelante. Si todos los bienes hubiesen estado bajo la administración de la apelada, sería lógico inferir que el marido había delegado en la esposa el derecho de administrarlos y esa renuncia no podría considerarse en manera alguna como una admisión de que los bienes sean privativos de ella. Pero es el caso que el apelante retuvo la administración de todos los demás bienes que ambas partes consideran gananciales, y los que se alegan por la esposa como privativos, han sido siempre administrados exclusivamente por ella. Si en verdad los bienes en controversia son gananciales, ¿por qué no los administró el marido, al igual que los otros pertenecientes a la sociedad conyugal? En su declaración admitió el apelante que sólo intervino en la administración de la casa número 83 de la Calle Allen cuando la apelada fué a España con motivo del matrimonio de su hija Alicia (T. de E. 81). Más adelante, refiriéndose a la adquisición de la misma casa, declaró el apelante: ''La que hacía la operación era mi esposa porque nunca me entregó la administración de sus bienes, ni yo la quise . . . de los bienes privativos de la señora'' (T. de E., 96). Luego, es indudable que el propio apelante admite la existencia de bienes privativos, contrario a lo que se infiere de la contestación a la demanda. Además, cuando la apelada entró en negociaciones para la compra de la citada casa en la Calle Allen, el apelante no era partidario de la transacción, no obstante lo cual la apelada la hizo. De considerar el apelante que el dinero que había de invertirse en el negocio pertenecía a la sociedad conyugal, parece lógico que él hubiese hecho valer su derecho como administrador de dicha sociedad y que el negocio no se hubiese verificado. En una ocasión, hallándose ausente la apelada, el apelante tuvo que dirigirse por escrito al administrador del acueducto de esta ciudad en relación con la mencionada casa y en la carta que escribió al efecto se refirió a ella como de la propiedad de su esposa (T. de E., 83). Por último, al refe-

rirse a la casa en la Calle Loíza núm. 32, el apelante en su declaración no supo el número de orden de dicha casa, explicando entonces que ello se debía a que no había estado muchas veces por allí (T. de E., 88).

A nuestro juicio, la prueba toda es suficiente para destruir la presunción de gananciales y no vemos razón legal alguna por la cual debamos alterar la conclusión a que en ese sentido llegara la corte sentenciadora. Véase el caso de *Casiano* v. *Samaniego,* 30 Jur. Fil. 142.

█ Por último, el pronunciamiento de la sentencia por el cual se concedieron las costas a la apelada, tampoco puede ser por nosotros alterado, toda vez que desde que se enmendó el artículo 327 del Código de Enjuiciamiento Civil por la Ley núm. 69 de 11 de mayo de 1936 ((1) pág. 353), es imperativo en la corte sentenciadora conceder las costas a la parte a cuyo favor se dictare la sentencia.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia en todas sus partes.*

El Juez Asociado Sr. Travieso no intervino.