RAFAELA SERRANO, como madre con patria potestad sobre y en representación de su hija menor de edad nombrada FELÍCITA GUERRERO SERRANO, demandante y apelada, *v.* MARÍA VEGA, demandada y apelante.

Núm. 9003.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Marzo 12, 1945.

656

*Buenaventura Esteves,* abogado de la apelante; *Herminio Rodríguez Quiñones,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente es un pleito sobre entrega de bienes muebles. La demandante, Rafaela Serrano, como madre con patria potestad sobre su hija menor, Felícita Guerrero Serrano, entabló demanda en representación de ésta, alegando que Felícita era hija legítima de la demandante y de Adrián Guerrero Vega; que la demandante y Adrián Guerrero eran casados entre sí, pero que se divorciaron después de nacer

Felícita; que Adrián Guerrero falleció en 1943, dejando solamente a Felícita como su hija legítima y como única y universal heredera; que al momento de su muerte Adrián Guerrero era dueño de una tienda de mercería reclamada en este caso; y que la demandada, madre del finado, se ha apoderado ilegalmente de dicha tienda, valorada en $1,000. Después de un juicio en los méritos, la corte de distrito dictó sentencia a favor de la demandante. El caso se encuentra ante nos en apelación contra dicha sentencia.

■ La demandada alega que la corte inferior cometió manifiesto error al apreciar la evidencia y actuó movida por pasión, prejuicio y parcialidad. Nada encontramos en el récord que sostenga esta contención. La demandada alega a este respecto que antes de la muerte de su hijo ella le dió $500 para que estableciera un negocio, en el entendido de que irían a medias. La corte de distrito no creyó esta prueba. Resolvió, y hubo suficiente evidencia en qué basar su conclusión, que el finado había establecido su tienda con dinero que él recibió de la partición de la herencia de su segunda esposa, quien lo premurió.

De la misma manera, ante la corte de distrito hubo suficiente prueba para resolver que Felícita era la única hija de Adrián Guerrero. No se presentó prueba satisfactoria al efecto de que éste era el padre de otros hijos naturales.

■ La demandada también señala como error la resolución de la corte de distrito declarando sin lugar su excepción previa. Esta contención carece de méritos. La demanda jurada radicada en este caso cumplió con los requisitos del artículo 171, Código de Enjuiciamiento Civil, Edición de 1933, con la posible excepción de requisito del inciso 4 de dicho artículo al efecto de que la demandante debe afirmar bajo juramento que los bienes reclamados ''no han sido tomados para satisfacer ninguna contribución, cuota o multa, conforme a derecho; ni ocupados en virtud de ejecución o embargo contra los bienes del demandante, . . .''. Sin em-

bargo, aunque no hay una alegación específica a este efecto, cuando se lee la demanda en conjunto, las alegaciones afirmativas en cuanto al presente *status* y situación de los bienes aquí envueltos obviamente eliminan la posibilidad de que dichos bienes han sido embargados. Véase *Central Pasto Viejo, Inc.* v. *A. Pérez & Hno.*, 44 D.P.R. 904, 907, 908.

■ La demandada seguidamente alega que la liquidación de la herencia de Adrián Guerrero era una condición precedente a la reclamación en este caso. La regla en esta jurisdicción es a la inversa. Un heredero puede reivindicar parte de una herencia—y de la misma manera puede reclamar bienes muebles—sin que se haga tal liquidación. *Sucesión de Jesús et al.* v. *Pérez et al.*, 28 D.P.R. 319. Véanse también *Delgado et al.* v. *Encarnación et al.*, 35 D.P.R. 298; *Allende* v. *Registrador de San Juan*, 28 D.P.R. 569; *Hernández* v. *Sucesión Córdova*, 32 D.P.R. 296; *Santini et al.*, v. *Díaz San Miguel et al.*, 27 D.P.R. 816. Nada hay en la decisión o en el lenguaje de los casos citados por la demandada—*Morales* v. *Cabrera*, 53 D.P.R. 94; *Ex Parte Cautiño*, 51 D.P.R. 475 —que trate este punto.

■ No hubo error al admitir en evidencia la certificación del Colector de Rentas Internas de San Sebastián al efecto de que una licencia para vender perfumería sin alcohol había sido expedida a Adrián Guerrero (Artículos 433, 411, Código de Enjuiciamiento Civil, Edición de 1933). De cualquier manera, el error, si alguno, no pudo ser perjudicial. Prescindiendo de esta certificación, hubo suficiente prueba para sostener la conclusión de que Guerrero era el dueño de la tienda.

■ La demandada señala como error la negativa de la corte inferior de admitir prueba en cuanto a los gastos de la enfermedad y del entierro que alega la demandada haber pagado. No podemos ver de qué manera constituyen tales gastos una defensa al pleito sobre entrega de bienes muebles. La demandada no radicó afirmativamente una contrademanda

para ello, a lo que podría haber tenido derecho. Todavía podría quizás encontrar el camino expedito para proseguir su reclamación contra la herencia o contra los herederos en cobro de tales gastos, al probarlos satisfactoriamente. Pero tal reclamación no constituye una defensa en este caso.

La imposición de costas contra la demandada como parte perdidosa era mandatoria (*Blanes* v. *González*, 60 D. P.R. 567; *Autoridad sobre Hogares de la Capital de Puerto Rico* v. *Hutton*, 60 D.P.R. 463). La corte inferior concedió a la demandante honorarios de abogado ascendentes a $125. Los hechos y las circunstancias de este caso justifican dicha concesión.

Los otros errores señalados son demasiado frívolos para discutirse. Se les ha examinado y carecen de méritos.

*La sentencia de la corte de distrito será confirmada.*