FIGUEROA, DEMANDANTE Y APELANTE, *v.* DÍAZ ET AL, DEMANDADAS Y APELADAS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre declaración del carácter de hija natural reconocida.

No. 1096.—Resuelto en abril 16, 1914.

HIJOS NATURALES—ACCIÓN DE RECONOCIMIENTO—PRESCRIPCIÓN.—De la demanda resulta que la demandante nació por los años 1873 y 1874 y que su presunto padre falleció en el año de 1908 cuando ya regía el Código Civil actualmente en vigor, cuyo artículo 199 prescribe que la acción para reclamar la filiación dura hasta dos años después de ser el hijo mayor de edad. La demanda fué presentada en julio 8, 1913, y por tanto la acción había prescrito de acuerdo con la cuarta disposición transitoria y el artículo 1840 del Código Civil.

ID.—DECLARACIÓN JUDICIAL DEL ESTADO DE HIJO NATURAL.—La acción ejercitada bajo el título de declaración del carácter de hija natural reconocida de la demandante, es en realidad una acción de reconocimiento tendente a obtener una sentencia declaratoria de dicho reconocimiento, por mas que la demanda contenga alegaciones de un reconocimiento hecho en forma solemne y auténtica.

ID.—PRESCRIPCIÓN—DECLARACIÓN JUDICIAL DE HIJO NATURAL RECONOCIDO.—La prescripción establecida por el artículo 199 del Código Civil revisado es aplicable al caso, porque se trata de una acción de reconocimiento de hijo natural, aunque si la demandante ha ejercitado dicha acción teniendo ya a su favor un reconocimiento hecho en forma solemne y fehaciente, podrá reclamar los derechos consiguientes al mismo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Jacinto Texidor.*

Abogado de las apeladas: *Sr. José Martínez Dávila.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinion del tribunal.

Con fecha 8 de julio del año 1913 Ramona del Carmen

Figueroa presentó demanda ante la Corte de Distrito del Distrito Judicial de San Juan, Sección 1ª., contra Teresa y Encarnación Díaz, con súplica de que en su día se dictara sentencia a su favor declarando que aquélla es hija natural de Pablo Figueroa y que fué expresamente reconocida por éste como tal hija natural y que asimismo ha venido siempre gozando de la posesión de estado de hija natural de Pablo·Figueroa, aceptada y reconocida tanto por Figueroa como por las demandadas, a las que se impongan las costas del juicio.

A la anterior demanda opusieron las demandadas como excepciones previas la de que los hechos alegados no determinan causa de acción, y la de que la acción había prescrito de acuerdo con los artículos 199 y 1840 del Código Civil vigente.

La corte por sentencia de 22 de diciembre de 1913 declaró con lugar la excepción de prescripción, y sin lugar la demanda, con las costas a la parte actora, cuya representación ha interpuesto recurso de apelación para ante esta Corte Suprema.

Alega la parte apelante como motivos del recurso que la corte cometió error al regular el caso por el artículo 199 del Código Civil, pues la acción ejercitada no es propiamente de reconocimiento, sino que se dirige a obtener la declaratoria de reconocimiento de hija natural de la demandante, ya hecho por su padre, y que además dicha corte ha prescindido de alegaciones de la demanda en que se hace constar que Pablo Figueroa reconoció expresamente a su hija en documentos oficiales, sin que por tanto sea susceptible de prescripción la acción de que se trata.

Los hechos alegados en el presente caso por la parte demandante, como determinantes de su acción, son los siguientes:

*Primero.* Que en los años de 1873 y 1874 Pablo Figueroa sostuvo relaciones amorosas con Juana Canales siendo ambos solteros, sin impedimento para contraer matrimonio, y como producto de tales relaciones continuadas por mucho tiempo, nació una niña que es la demandante.

*Segundo.* Que en el acto del bautismo verificado el 16 de febrero de 1874 fué reconocida expresamente la demandante por Pablo Figueroa como su hija natural.

*Tercero.* Que durante toda su vida el Figueroa consideró a la demandante como su hija natural, le dió siempre el nombre de hija y subvino a todas sus necesidades de alimentos, habitación, vestuario, asistencia médica y educación.

*Cuarto.* Que la demandante disfrutó del concepto de hija natural de Pablo Figueroa, no sólo en virtud de los antedichos actos, sino por el reconocimiento que de tal carácter de hija natural hicieron los parientes del Figueroa, entre ellos las hermanas del mismo, hoy demandadas, Teresa y Encarnación Díaz, quienes antes y después de la muerte de Figueroa llamaron a la demandante su sobrina.

*Quinto.* Que Pablo Figueroa al contraer matrimonio la demandante en 5 de abril de 1893 la reconoció como su hija natural en un documento dirigido a las autoridades judiciales en el que invocaba sus derechos como tal padre natural, y en la misma fecha 5 de abril, cuando se verificó el matrimonio de la demandante Figueroa dió su consentimiento para él en concepto de padre natural de la contrayente, cuyo matrimonio fué debidamente inscrito en el registro civil.

*Sexto.* Que Pablo Figueroa falleció en 1908 en estado de soltería y sin más descendiente que la demandante.

*Séptimo.* Que las demandadas Teresa y Encarnación Díaz en el año de 1910 y en escrito oficial dirigido a la Junta de Transacción sobre Propiedad de Solares en Cataño, de nuevo reconocieron expresamente la calidad de hija natural de la demandante.

*Octavo.* Que posteriormente las demandadas, con el fin de hacerse dueñas de la herencia de Pablo Figueroa, su hermano, han pretendido y pretenden desconocer el carácter de hija natural de la demandante.

*Noveno.* Que la demandante ha instado expresamente de las demandadas el reconocimiento de hija natural hecho a su favor por Pablo Figueroa, y en diligencias judiciales ante la

Corte de Distrito de San Juan ha invocado de nuevo ese carác-
ter para oponerse a pretensiones deducidas por las ahora de-
mandadas, aunque no se trató expresamente de acción de
filiación o de declaración de reconocimiento.

Resulta de tales hechos que Ramona del Carmen Figueroa
nació por los años de 1873 y 1874 y que su presunto padre
Pablo Figueroa falleció en el año de 1908 cuando ya regía el
Código Civil actualmente en vigor, cuyo artículo 199 prescribe
que la acción para reclamar su filiación dura hasta dos años
después de ser el hijo mayor de edad. La demandante ha pre-
sentado su demanda en 8 de julio de 1913, y por tanto su acción
prescribió en virtud de los preceptos que contiene la cuarta
disposición de las transitorias para la aplicación del Código
Civil y el artículo 1840 del mismo código. *Jesús* v. *Sucesión
Pérez Villamil,* 18 D. P. R., 403.

Y no se han cometido los errores apuntados en su alegato
por la parte apelante.

En el presente caso propiamente se ejercita una acción
de reconocimiento, sean cuales fueren los términos en que
está redactada la súplica de la demanda, pues ya hemos dicho
repetidas veces que ni la súplica de la demanda ni el título
de la acción determinan necesariamente la naturaleza de la
causa de acción, la cual ha de derivarse de los hechos que la
fundamentan.

Si el objeto de la demanda hubiera sido obtener una reso-
lución judicial declarando el estado de hija natural ya reco-
nocida en forma solemne y auténtica, no hubiera tenido nece-
sidad la demandante de consignar en su demanda más hechos
que la simple referencia del reconocimiento hecho en la forma
ya expresada, aparte de que si tiene a su favor un reconoci-
miento en forma solemne y auténtica, huelga la declaración
solicitada en la demanda. La declaración de hijo natural es
necesaria cuando el estado de hijo natural no consta por reco-
nocimiento hecho en forma auténtica y fehaciente y su fin es
que el hijo natural reconocido pueda hacer constar su condi-
ción de tal. *Amsterdam et al.* v. *Puente et al., Puente et al.* v.

*Puente et al.,* y *Rijos* v. *Folgueras et al.,* 16 D. P. R., 556, 582 y 624; y *Peñagarícano* v. *Peñagarícano et al.,* 19 D. P. R., 494.

Vemos ahora si los hechos expuestos en la demanda con los números segundo, quinto y séptimo, en que se alega un reconocimiento de la filiación de la demandante en documentos oficiales impiden que prospere la excepción de prescripción alegada.

Entendemos que no. El ejercicio de la acción de reconocimiento de hijo natural pone en tela de juicio dicho reconocimiento, y por tanto, sean cuales fueren los hechos fundamentales de la demanda, puede objetarse la excepción de prescripción, bien entendido que aunque ésta prospere, si la demandante tiene a su favor un reconocimiento expreso de hija natural de Pablo Figueroa en forma solemne y fehaciente, no estará privada de utilizarlo para ejercitar todos los derechos que la ley reconoce a los hijos naturales. Si al reclamar esos derechos se le negare tal condición de hija natural, podrá sostenerlos haciendo frente a la negativa, con la prueba de su reconocimiento solemne y fehaciente.

La sentencia debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.