SAN PATRICIO CORPORATION, demandante y apelada, *v.* ROBERTO COLÓN, demandado y apelante. SAN PATRICIO CORPORATION, demandante y apelada, *v.* ROBERTO COLÓN y su esposa ANA MARÍA ROMEU, demandados y apelantes.

Núms. 9190 y 9191.—*Sometidos:* Febrero 12, 1946. *Resueltos:* Abril 11, 1946.

*Román Díaz Collázo,* abogado de los apelantes; *E. T. Fiddler, José G. González, Jorge M. Morales, Tomás I. Nido, Ramón Luis Nevares* y *Mariano Canales Delgado,* abogados de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Harold T. Sewall vendió a San Patricio Corporation una parcela de terreno en la cual la compradora se obligó a levantar una urbanización sujeta a ciertas restricciones consignadas en la escritura. Por el mismo documento Sewall constituyó, a favor de la parcela vendida, una servidumbre perpetua de paso de carretera a través de la finca de donde la parcela fué segregada. No se especificaron las dimensiones de la faja de terreno sobre la cual había de construirse la carretera, pero en la escritura se hizo referencia, en cuanto a estos datos, a un plano de urbanización de San Patricio Corporation levantado el 12 de agosto de 1940 por los agrimensores Galib y Ramírez Alberty, el cual se hizo formar parte de la escritura de compraventa.

Al construir la carretera se le dió un ancho de 30 pies, es decir, 20 pies de camino afirmado y 5 pies a cada lado en toda su extensión, para paseos y drenaje. El largo de la carretera fué de 1,070 pies, el necesario para dar salida a los vecinos de la urbanización al camino denominado San Patri-

cio, que a su vez conecta con la carretera insular núm. 2. La construcción de la carretera fué costeada por Sewall y San Patricio Corporation y a ese efecto depositaron en el Chase National Bank en San Juan la cantidad de $4,000 que fué pagada al contratista al ser aceptada la obra por Sewall y San Patricio Corporation.

Después de construída la carretera, Sewall vendió el remanente de la finca principal, o sea el predio sirviente, a Roberto Colón y a su esposa Ana María Roméu. Colón entró en posesión del predio sirviente el 14 de diciembre de 1942, y un año más tarde tiró una cerca de alambre a cada lado de la parte afirmada de la carretera, en toda su longitud, reduciendo así su ancho a 20 pies y privándola de la parte dedicada a paseos y drenaje. Requerido por San Patricio Corporation para que removiese las cercas, rehusó hacerlo, y el 29 de marzo de 1944 la Corporación radicó en la corte inferior, contra él y su esposa, la acción civil núm. R–442. Solicitó la demandante una sentencia declarando que la servidumbre constituída por Sewall es de 30 pies de ancho y que la demandante tiene derecho al uso de la misma; que con motivo de la privación parcial del uso de la servidumbre, la demandante sufrió daños y perjuicios en la cantidad de $5,000; que se dicte un *injunction* preliminar primero y perpetuo después ordenando a los demandados, sus agentes y empleados remover dichas cercas y que se abstengan en lo sucesivo de impedir a la demandante el uso cabal de su servidumbre.

Estando pendiente este caso, San Patricio Corporation, el 4 de mayo de 1944 radicó en la misma corte la acción núm. 541 contra Roberto Colón. Alegó como causa de acción que la referida carretera construída sobre el predio sirviente fué obstruída por Colón cavando dos (1) zanjas a través de la

---

(1) En la demanda se alegó que el demandado cavó tres zanjas, pero en el acto del juicio se enmendó la demanda, consignándose que sólo dos zanjas fueron cavadas por el demandado.

carretera en dos sitios distintos; que a tal extremo hizo difícil y peligroso el tránsito por ella, que algunos comerciantes se negaron a entregar las compras de los residentes de la urbanización en sus domicilios; que las zanjas fueron abiertas contra la expresa voluntad de la demandante y que ese acto de los demandados le causó perjuicios irreparables que no pueden calcularse en dinero. Termina la demanda con súplica de que se expida un auto preliminar de injunction ordenando al demandado que proceda a rellenar las zanjas o cangilones antes descritos; que en su día se dicte un injunction permanente para que el demandado se abstenga en el futuro de abrir nuevas zanjas y de entorpecer a la demandante y sus causahabientes en el cabal uso y disfrute de dicha carretera, debiendo condenarlos al pago de las costas y honorarios de abogado, y que se conceda, además, a la demandante, cualquier otro remedio compatible con las alegaciones.

El juicio de ambos casos fué consolidado, dictándose sentencia en cada uno expidiendo los injunctions solicitados, y condenando al demandado al pago de las costas en ambos casos y de honorarios de abogado por la cantidad de $300 en el caso núm. 442 y $200 en el núm. 541. Contra estas sentencias se interpuso apelación. Y a los efectos de esta opinión, consolidaremos también los dos recursos.

La primera cuestión que levantan los apelantes es que la corte erró al desestimar sus objeciones a la demanda en el pleito núm. 442. Alegaron los apelantes en sus objeciones: (*a*) que la demanda es ambigua; (*b*) que comprende multiplicidad de acciones; y (*c*) que no aduce hechos constitutivos de causa de acción.

Al discutir estas cuestiones los apelantes ponen gran énfasis en el hecho de que los demandantes apelados no dieron un nombre específico a la acción ejercitada, limitándose a denominarla "acción civil". El nombre que se dé a la acción o el hecho de no dársele denominación alguna, no afecta la causa de acción que se pretenda ejercitar. Reglas

de Enjuiciamiento Civil 81(*b*). Si como en el presente caso, la demanda alega que la demandante es dueña de la parcela de terreno que describe en la demanda; que a favor de esta parcela y sobre un predio perteneciente a los demandados se ha constituído una servidumbre de paso de carretera y que los demandados están impidiendo a la demandante el uso de la servidumbre, no hay duda alguna que un derecho de la demandante ha sido invadido por los demandados, (²) y para proteger ese derecho, la ley concede un remedio. El remedio que la demandante solicita, conforme resulta de las alegaciones y súplica de la demanda, es que se declare la existencia de la servidumbre, y en su consecuencia se dicte un auto preliminar de injunction y en su día uno permanente, ordenando a los demandados y a sus agentes a remover o destruir las cercas que impiden el paso por la carretera construída en la faja de terreno sobre la cual se constituyó la servidumbre.

No vemos que en la demanda exista ambigüedad alguna y la circunstancia de que los hechos alegados en la misma puedan dar margen a distintos remedios a favor de los demandantes, no implica que la demanda sea ambigua ni alegue multiplicidad de acciones.

Aunque la demandante no ha dado nombre alguno a la acción establecida en el caso núm. 442 (corte inferior), los hechos alegados constituyen la acción confesoria de servidumbre, y la única forma de proteger el uso de la misma, es ordenando al invasor de ese derecho que remueva el obstáculo y se abstenga en lo sucesivo de menoscabar el derecho de la demandante. Llámese orden, llámese injunction, lo que en todo caso hace la corte es ordenar la remoción del obstáculo y tomar las medidas necesarias para impedir la repetición de cualquier menoscabo del derecho de servidumbre.

---

(²) El artículo 481 del Código Civil (Ed. 1930), en lo pertinente, prescribe: "El dueño del predio sirviente no podrá menoscabar de modo alguno el uso de la servidumbre constituída."

No erró, pues, la corte inferior al declarar sin lugar las objeciones interpuestas por los demandados en el caso núm. 442 En uno y otro caso los apelantes admitieron la existencia de la servidumbre, pero sostienen que el ancho de la misma es de 20 pies y no de 30 pies, como se alega por la demandante, y que siendo ello así al cercar las dos fajas de terreno de 5 pies de ancho, no se invadió derecho alguno de la demandante.

En verdad la escritura de compraventa a favor de la Corporación no expresa el ancho de la servidumbre, pero se refiere al plano de urbanización anteriormente mencionado para la determinación de la faja de terreno afectada por la servidumbre. Este plano no fué presentado en evidencia por ninguna de las partes, pero el testigo de la demandante Manuel Rivera Ferrer declaró, sin oposición alguna de los demandados, que en el plano aparecían las dimensiones de la servidumbre como de 30 pies de ancho por 1,070 pies de largo. Siendo ello así, al tirar los demandados las cercas en cuestión, obstaculizaron a la demandante en el uso de la servidumbre. También menoscabaron ese derecho al abrir las dos zanjas o cangilones sobre el firme de la carretera. Por consiguiente, no erró la corte sentenciadora al decretar el injunction en ambos casos. Tampoco erró al condenar a los demandados apelantes al pago de honorarios de abogado, pues su temeridad al impedir el uso de la servidumbre, de cuya existencia tenían perfecto conocimiento, es manifiesta, sin que la circunstancia de que la demandante no pudiera probar el montante de los daños sufridos impida la condena de honorarios de abogado. *Mercado* v. *American Railroad Co.*, 61 D.P.R. 228 y *Ramos* v. *García*, 62 D.P.R. 411.

*Procede, por lo expuesto, la confirmación de las sentencias.*