Francisco Colón Moret et al., peticionarios y apelados, *v.* Asociación Azucarera Cooperativa Lafayette et al., demandados y apelantes.

Núm. 9428.—*Sometido:* Abril 9, 1947. *Resuelto:* Abril 28, 1947.

*Miguel Guerra-Mondragón y Guillermo Cintrón Ayuso,* abogados de los apelantes; *Orlando J. Antonsanti, René Benítez y Ernesto Ramos Antonini,* abogados de los apelados.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En 12 de mayo de 1946 se celebró una sesión extraordinaria de socios de la Asociación Azucarera Cooperativa Lafayette. Entre otros asuntos a ser considerados en esa asamblea figuraba la destitución de varios directores. Luego de discutirse la cuestión, la votación celebrada dió el siguiente resultado: 84 votos a favor de la destitución, 14 en contra y 190 abstenidos. Conocido el mismo, la Asamblea estimó que los peticionarios habían sido destituídos de sus cargos y procedió a elegir nuevos miembros para la Cooperativa. No conformes con este acuerdo los peticionarios acudieron en 11 de junio de 1946 ante la Corte de Distrito de Guayama con una solicitud cuyo fin último era la reposición de ellos en sus referidos cargos de directores. Después de una vista

a la que concurrieron ambas partes, la Corte de Distrito de Guayama, en extensa opinión, desestimó la solicitud, pero no incluyó costas ni honorarios de abogado. No conforme con esta sentencia en lo que a la no concesión de costas y honorarios se refiere, los demandados apelaron para ante nos, señalando en el alegato presentado un solo error, a saber: "La corte inferior cometió error, en su sentencia, al eximir a los apelados del pago de las costas y honorarios de abogados."

En lo que a la condena en costas concierne no hay duda de que los apelantes tienen razón. A partir de la vigencia de la Ley núm. 94 de 11 de mayo de 1937 (pág. 239), la imposición de costas contra la parte perdidosa es imperativa. Así lo hemos resuelto en reiteradas ocasiones. *Serrano v. Vega,* 64 D.P.R. 655; *Blanes v. González,* 60 D.P.R. 567 y *Autoridad Sobre Hogares v. Hutton,* 60 D.P.R. 463.

Ahora bien, en lo que a la no concesión de honorarios de abogado se refiere, podemos decir que según la ameritada Ley núm. 94 de 1937, los honorarios del abogado de la parte victoriosa serán concedidos tan sólo en aquellos casos en que la vencida en juicio ha procedido con temeridad. Así lo hemos decidido en varios casos: *Maldonado v. Comisión Hípica,* 64 D. P. R. 503, 504 y *Martínez v. Báez,* 63 D. P. R. 783.

¿Han sido temerarios los apelados en este recurso? A nuestro juicio no. En la solicitud radicada ellos alegan que se basan en la sección 24 de la Ley de Corporaciones de Puerto Rico, aprobada el 9 de marzo de 1911, según ha sido enmendada, y en el artículo 29 de la Ley núm. 70 de 4 de agosto de 1925. Es incuestionable que esta última ley ya había sido derogada expresamente por la número 291 de 9 de abril de 1946 (pág. 687). (Véase el artículo 30 de la misma en cuyo párrafo tercero se deroga específicamente la Ley núm. 70, supra.) Empero, si bien para la fecha en que se celebró la referida junta de socios y para la fecha en que se radicó la solicitud de los peticionarios ya la aludida Ley

núm. 70 de 1925 no existía, no obstante el artículo 13B de la Ley núm. 291 dispone igualmente que "Cualquier socio podrá solicitar la destitución de un director mediante formulación de cargos...," y que "Tal solicitud será sometida a la consideración de la subsiguiente asamblea de socios, que podrá ser extraordinaria convocada para tal efecto, la cual podrá destituir al director *por mayoría de los socios presentes.*" (Bastardillas nuestras.) Véanse artículo 81(*b*) de las Reglas de Enjuiciamiento Civil; *San Patricio Corp.* v. *Colón,* 65 D.P.R. 915 y *Figueroa* v. *Díaz,* 20 D.P.R. 284. A la asamblea de socios de 12 de mayo de 1946 concurrieron, según se alega, los 380 socios que constituían la matrícula total de la Cooperativa. Algunos de ellos asistieron personalmente y otros lo hicieron por poder. Sin embargo, según ya se ha indicado, al tomarse la votación para destituir a los peticionarios, sólo votaron 84 socios a favor de la destitución, 14 en contra y 190 se abstuvieron de votar. No creemos que al acudir a la Corte de Distrito de Guayama en la forma en que lo hicieron los peticionarios fueran temerarios.

Debe recordarse desde luego que aquí estamos resolviendo única y exclusivamente la apelación interpuesta contra aquella parte de la sentencia que se negó a condenar a los peticiorios al pago de costas y honorarios de abogado. Así pues, nada de lo que en esta opinión decimos puede prejuzgar en forma alguna los méritos del caso.

*Se registrará sentencia modificando la dictada por la Corte de Distrito de Guayama en este caso en el sentido de imponer las costas a los peticionarios, mas no así los honorarios de abogado.*