616

José Rafael Becerra, demandante y apelado, v. Narciso Cobián Rivera y su esposa Carmela Nieves Colón, demandados y apelantes.

Núm. 9859.—*Sometido:* Febrero 3, 1949. *Resuelto:* Febrero 24, 1949.

*Romany & Romany,* abogados de los apelantes; *R. Cuevas Zequeira,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Con la demanda sobre cumplimiento específico de contrato radicada por José Rafael Becerra contra Narciso Cobián Rivera y esposa se acompañó un "Contrato de Pro-

mesa de Venta", cuyas cláusulas esenciales pueden sintetizarse así: Narciso Cobián Rivera es dueño de un condominio de una séptima parte y de otro condominio de una cuarta parte de una séptima parte de una finca rústica compuesta de 356.90 cuerdas, situada en el Barrio Juan Sánchez de Bayamón. Adquirió dichos condominios en estado de soltería. Los mismos aparecen afectos a una servidumbre de tener y conservar cinco torres de cables conductores de electricidad; a un contrato de arrendamiento por ocho años a contar del primero de agosto de 1938; a una hipoteca por $24,500 y a un contrato de anticresis como garantía accesoria de la hipoteca; Cobián Rivera, con el expreso consentimiento de su esposa, tiene convenido con el Dr. José Rafael Becerra un contrato de promesa de venta de los referidos condominios y llevando a efecto lo pactado se compromete a vender al Dr. Becerra los citados condominios por un precio de $11,500, libre de toda carga o gravamen, debiendo deducirse el importe de cualquier carga que exista a la fecha de la venta del indicado precio de $11,500. La promesa de venta regirá hasta agosto 1 de 1946, pero Cobián Rivera vendrá obligado a vender la relacionada propiedad al Dr. Becerra en cualquier fecha que éste elija y hasta el primero de agosto de 1946. Con cargo al precio de la venta Cobián Rivera recibe en el acto del otorgamiento la cantidad de $1,000 de manos del Dr. Becerra y se conviene en que mientras no se efectúe finalmente la venta el primero pagará al Dr. Becerra intereses al 8 por ciento anual. Este último se compromete a entregar a Cobián Rivera cantidades adicionales hasta la suma de $2,000, que serán aplicadas al precio de la compraventa, pero esas cantidades devengarán intereses al 8 por ciento anual desde la fecha en que se reciben, y las mismas se dedicarán al pago total o abono de la hipoteca que grava los condominios objeto del contrato. Éste será obligato-

rio para ambas partes, así como para sus herederos o cesionarios y la parte que no lo cumpla responderá a la otra de daños y perjuicios. El Dr. Becerra podrá ceder los derechos adquiridos por el contrato a quien crea conveniente, con notificación a Cobián Rivera.

El anterior contrato de promesa de venta fué suscrito ante notario en 11 de abril de 1942. Sin embargo, a continuación del documento, el mismo día y ante el mismo notario las partes hicieron constar y suscribieron lo que pasamos a copiar en seguida: "En este acto las partes hacen constar que si llegado el vencimiento de este contrato el Dr. Becerra no hubiera ejercitado el derecho de compra adquirido por este contrato podrá así hacerlo saber a Don Narciso Cobián Rivera, sus herederos o causahabientes viniendo entonces don Narciso Cobián Rivera o sus sucesores obligados a reembolsar inmediatamente al Dr. José R. Becerra las cantidades recibidas a cuenta de esta venta, sus intereses y los que al tipo convenido se devenguen hasta el total pago de la obligación."

Contestada la demanda y luego de planteadas ciertas cuestiones de derecho que es innecesario mencionar, fué sometido el pleito mediante estipulación oral hecha en corte abierta el 31 de julio de 1947. En ella se hace constar que la parte demandada ha radicado una moción sobre consignación judicial, a virtud de la cual el demandado ha depositado en corte $1,000, más los intereses al 8 por ciento, o sea un total de $1,288, a favor del demandante; que con posterioridad a la radicación de la demanda el demandante José Rafael Becerra y su esposa, quienes eran dueños de otros condominios en la finca objeto de la demanda, vendieron en una sola escritura y junto con los demandados la totalidad de la finca a una tercera persona; que el Dr. Becerra se allanó a la venta, pero con la salvedad oral de que la misma se hacía sin perjuicio de su derecho en el pleito sobre cum-

plimiento específico de contrato; que el demandante se había opuesto a la consignación y que sometían el caso por las constancias que figuraban en los autos.

Así las cosas, en 14 de julio de 1948 la corte inferior dictó sentencia ordenando a Narciso Cobián Rivera y a su esposa Carmela Nieves Colón a otorgar escritura de venta a favor de José Rafael Becerra del condominio de una séptima parte y del otro condominio de una cuarta parte de una séptima parte de la finca de 356.90 cuerdas que se describe en la demanda, por el precio de $11,500, al cual se deduciría "el importe de los gravámenes que afecten dichos condominios" y "caso de negarse los demandados a otorgar la escritura de referencia, el márshal la otorgará a su nombre y recibirá el importe de la venta que depositará en la secretaría de esta corte para ser entregados a los demandados." Dicha sentencia condenó, además, a los demandados al pago de las costas y de la suma de $200 por concepto de honorarios de abogado, pero nada se dijo en ella sobre el valor de las cargas. La misma ha sido objeto de la apelación que ahora se encuentra ante nos.

■ Según la estipulación verbal sometida por las partes el día de la vista, con posterioridad a la radicación de la demanda los condominios objeto de la misma fueron vendidos a un tercero con la anuencia y acquiescencia expresa del propio demandante Dr. Becerra. Admitiendo la validez y exigibilidad del Contrato Promesa de Venta,(1) ¿era posible exigir a los demandados el cumplimiento específico del mismo cuando ya los condominios objeto de dicho contrato (al igual que el resto de la finca) habían pasado a una tercera persona? Indudablemente que no. La salvedad oral hecha por el demandante en el sentido de que la venta de los condominios de los demandados se hacía sin perjuicio de su derecho en el pleito ningún efecto tuvo. La

(1)Véanse artículo 1340 del Código Civil, ed. 1930; Manresa, Comentarios al Código Civil Español, Tomo X, ed. 1931, pág. 60.

sentencia de la corte de distrito al exigir a los demandados que otorgaran escritura de venta de los citados condominios a favor del demandante exigía lo imposible y en derecho jamás puede exigirse el cumplimiento de cosas imposibles. Fué un error de la corte a quo dictar sentencia en la forma en que lo hizo.

■ Además, luego de verificada la venta de los condominios de los demandados al tercero, el demandante solicitó de la corte que ordenara le fuese entregada la cantidad de $1,288 que los demandados habían consignado en corte, como antes hemos dicho, al establecerse el pleito en su contra. La corte así lo decretó. De ese modo quedó extinguido el contrato de préstamo que incidental al de promesa de venta surgió entre las partes.

■ Habiéndose vendido los condominios en la forma indicada y habiendo quedado solventado el contrato de préstamo, fué manifiesta la temeridad del demandante al no desistir del pleito y al permitir que el mismo prosiguiera hasta su terminación. Como este Tribunal debe ahora dictar la sentencia que debió haber dictado la corte inferior, la condena en honorarios de abogado se impone. Artículo 327 del Código de Enjuiciamiento Civil según fué enmendado por la ley 94 de 11 de mayo de 1937 (Leyes de 1936–37, pág. 239); *Colón* v. *Asociación Cooperativa Lafayette,* 67 D.P.R. 271.

*Debe revocarse la sentencia apelada y en su lugar dictarse otra declarando sin lugar la demanda en todas sus partes y condenando al demandante al pago de las costas, más la suma de $300 por concepto de honorarios de abogado de la parte demandada.*